# Porter *v.* Harrison.

*Bill to Set Aside Conveyance as Void.*

1. *Claim of exemption when void.*—A claim of exemption of homestead filed in the office of the judge of probate after the homestead has been abandoned as such, is abortive and ineffectual to save the rights of the claimant thereto.


APPEAL from Lawrence Chancery Court.

Heard before the Hon. WM. H. SIMPSON.

Bill by J. B. Harrison against J. T. Porter and others to declare certain conveyances void as against the credi-

tors of Porter.   Except the claim of homestead noticed
in the opinion, the only questions were of fact, namely,
whether the purchase of the house and lot by D. K. Em-
ens from Porter, and the purchase of certain land by
Mrs. Nora B. Porter of Catherine R. Baker were tran-
sactions made in good faith or were collusive and void
as to the creditors of Porter.

The facts appear in the opinion.

J. T. KIRK, for appellant.—Porter had not completed
moving; and it cannot be said he had left his homestead
until he had completed moving.—*Turner v. Turner,* 107
Ala. 468; 74 Ala. 474; *Murphy v. Hunt,* 75 Ala. 439.

W. T. LOWE, D. C. ALMON and E. W. GODBEY, *contra.*
Removal from homestead without filing claim is an
abandonment of it.—*Pollack v. Caldwell,* 10 So. Rep.
266; 94 Ala. 129; *Boyle v. Shelman,* 59 Ala. 567; *Koes v.
Gross,* 1 Am. St., 771; Thompson on Homestead Exemp-
tions, § 272; *Schaife v. Argall,* 74 Ala. 473; *Hines v.
Duncan,* 79 Ala. 112; *Blackman v. Handley Hardware
Co.,* 17 So. Rep. 639; 106 Ala. 458.

McCLELLAN, C. J.—The evidence shows quite satis-
factorily that J. T. Porter removed from his house in
Hillsboro and took up his residence at least for the year
1892 elsewhere on January 28, 1892.   Indeed it is free
from conflict to that effect unless a contrary conclusion
may be rested on the fact that he left for a time there-
after a few articles of household furniture—a safe, some
chairs and some fruit jars.   It is not shown how long
these articles remained there, except that they were
there on February 8th following.   They may have been
allowed to remain there, so far as the evidence shows to
the contrary, for months during which Porter had an
established residence in a different precinct, and even
beyond the time when he registered as a voter and voted
therein.   We do not think the fact of so leaving these
articles there can justify the conclusion that his resi-
dence was constructively there after January 28th or
that he had not changed his residence or abandoned that
house as a residence on February 8th when he attempted

to file a claim of homestead exemption in the office of the judge of probate of the county. The claim being thus filed after the homestead had been abandoned as such, was abortive, and ineffectual to save his right thereto. Code, § 2065; and authorities on brief of appellee's counsel.

This conclusion leaves in the case only questions of fact as to whether the debt which it is claimed Porter owed his brother-in-law, Emens, in alleged payment of which Porter conveyed this house and lot to Emens, has been sufficiently proved, and whether it has been with requisite clearness shown that Mrs. Porter and not her husband, J. T. Porter made the payments which have been made to Mrs. Baker for the land purchased from her in the name of Mrs. Porter. Upon these inquiries of fact the evidence has been read and considered by the court *en banc*, and our conclusion, contrary to that reached by the chancellor, is that both the debt of J. T. Porter to Emens and the purchase of the Baker lands by Mrs. Porter and payments out of her own funds of the purchase money which has been paid thereon have been shown with that degree of fullness and clearness required to support transactions of this sort between relatives against the attack of creditors of one of them. The decree below must therefore be reversed, and a decree will be here entered denying relief to complainant and dismissing the bill.