# Birmingham Railway, Light & Power Co. *v.* Hinton.

*Action against Railroad Company for Personal Injury resulting from Fire.*

1. *Action against railroad company for personal injuries resulting from having negligently set fire to house; sufficiency of complaint.*—In an action against a railroad company to recover damages for personal injuries sustained in being burned while escaping from a house which was being consumed by fire, counts of the complaint which aver that the defendant negligently set fire to and burned the house in which the plaintiff resided, and that he sustained his injuries while escaping from said house during the progress of the fire, and by the fire which was burning the house, states a cause of action; and it is not necessary for such count of the complaint to negative contributory negligence on the part of the plaintiff.

2. *Action for injuries resulting from house being set on fire by sparks from an engine; admissibility of evidence.*—In an action to recover damages for personal injuries from being burned while escaping from a house which had been set on fire by reason of sparks emitted from the defendant's engine falling upon said house, it is competent for a witness, who noticed the defendant's engine on the night of the fire, to testify that the sparks emitted on that night by defendant's engine were unusual in quantity and size, and that they were so large as to attract her attention.

[Birmingham Railway, Light & Power Co. v. Hinton.]

3. *Action against railroad company for being burned while escaping from a house which had been set on fire by sparks from defendant's engine.*—In an action against a railroad company to recover damages for injuries sustained by the plaintiff in being burned while escaping from a house which had been set on fire by sparks emitted by defendant's engine falling thereon the fact that the plaintiff, who was a child five years old, had been first taken safely out of the room of the burning house, and left in his night clothes on the veranda, the night being cold, and then went back into the room, and there received the injuries complained of, does not authorize a verdict in favor of the defendant, such facts not being sufficient to break the chain of causation between defendant's negligence and the injuries complained of.

4. *Charge of court to jury; sufficiency of evidence.*—In the trial of a civil case, a charge which instructs the jury that "the burden is upon the plaintiff to reasonably satisfy the conscience of each individual juror" of the plaintiff's right of recovery, is erroneous and properly refused; since the evidence introduced in the case is addressed to the minds, and not the consciences of the jurors.

5. *Action to recover damages resulting from fire; when general affirmative charge properly refused.*—In an action against a railroad company to recover damages for the plaintiff being burned in escaping from a house which had been set fire to by sparks emitted from defendant's engine, where the averments of a count of the complaint are in substance that the engine was not properly constructed, that it was in improper condition, and that it was improperly handled or operated, and that the defendant had negligently selected such an engine, and there was evidence introduced going to show that sparks from said engine were thrown onto and set fire to the house, and that a properly constructed and equipped engine, with reference to sparks, carefully handled and operated, would not have thrown sparks on to the house, the general affirmative charge requested by the defendant as to such count, is properly refused. .

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action brought by the appellee, C. W. H. Hinton, by his next friend, against the Birmingham Railway, Light & Power Company. The complaint contained two counts. The first count was in words and

figures as follows: 1. "The plaintiff, Clyde W. H. Hinton, suing by his next friend, Mary F. Hinton, claims of the defendant, Birmingham Railway, Light & Power Company, a corporation, the sum of three thousand dollars as damages, for this, that heretofore, to-wit, on the 3d day of January, 1902, the plaintiff was living with his father and mother, Walter L. and Mary F. Hinton, in that certain dwelling house situated near the defendant's railroad extending and running from the city of Bessemer to the city of Birmingham, in Jefferson county, and State of Alabama, a short distance west or southwest of what is known as Wilkes Station, on said railroad, and that the defendant negligently caused the destruction by fire of said dwelling house while the plaintiff was so occupying and living in the same, so that the plaintiff while getting out of said house and escaping from said fire was greatly burned, so that his hands, forehead, and one of his ears were greatly lacerated and wounded, and he was thereby caused and made to suffer with great mental and physical pain and agony, and made sore, sick, and was otherwise injured, and was made very nervous, and has been permanently injured, and his suffering continued for a long time after he received his said injuries, to-wit, for a month, wherefore plaintiff sues and claims damages as aforesaid." The second count was in words and figures as follows: 2. "Plaintiff further claims of said defendant, the sum of three thousand dollars as damages for this, that heretofore, to-wit, on the 3d day of January, 1902, the plaintiff with his father and mother and other members of the family was living in that certain dwelling house situated near the line of the defendant's railroad known as the Bessemer & Birmingham Dummy Line, or Railroad, which runs or extends from the city of Bessemer to the city of Birmingham, in Jefferson county, State of Alabama, a short distance west or southwest of what is known as Wilkes Crossing or Station, on said railroad or dummy line, that on said date said dwelling house was burned up and destroyed by fire, and that while said house was so being consumed, that plaintiff while in and about escaping from said house so on fire, was

[Birmingham Railway, Light & Power Co. v. Hinton.]

greatly burned, so that his hands, forehead and one of
his ears were greatly lacerated and wounded, and he
was thereby caused and made to suffer with great mental
and physical pain and agony, and was made sore, sick,
and was otherwise injured, and was made very nervous,
and has been permanently injured, and his suffering
continued for a long time after his said injuries were so
received, to-wit, a month.  And plaintiff avers that said
fire was caused and set out by sparks and fire emitted
from one of the defendant's engines, which was attached
to a car or a train of cars and being operated and run by
the defendant upon and over its said railroad."  The
averments to the second count were then followed by the
averments of negligence, which are copied in the opin-
ion.  The defendant demurred to the 1st and 2d counts
separately, upon the following grounds: '1st.  For that
it is not alleged that the injuries to the plaintiff were
proximately caused by negligence of the defendant.
2nd.  For that the facts which constitute the alleged
negligence of the defendant are not sufficiently averred
in said count of the complaint.  3rd.  For that the alle-
gations of said count of said complaint do not present
a cause of action against the defendant.  4th.  For that
it is not averred or shown that the plaintiff was reason-
ably diligent in his efforts to escape from the alleged
burning building."  Each of the demurrers to each of
the counts was overruled.  The cause was tried upon is-
sue joined upon plea of the general issue.  The facts of
the case necessary to an understanding of the decision
of the present appeal are sufficiently stated in the opin-
ion.

The defendant requested the court to give to the jury
the following written charges, and separately excepted
to the court's refusal to give each of them as asked:
(1.)  I charge you, gentlemen of the jury, if you be-
lieve the evidence, you must render your verdict in favor
of the defendant.  (2.)  I charge you, that you cannot
find for the plaintiff under the first count of the com-
plaint. (3.) I charge you, gentlemen of the jury, that you
cannot find for the plaintiff under the second count of the
complaint.  (4.)  I charge you, gentlemen of the jury,

that the burden is upon the plaintiff to reasonably satis-fy the conscience of each individual juror that the fire which destroyed the house in which the plaintiff was liv-ing was communicated to that house by sparks from an engine of the defendant, and unless the conscience of each juror is satisfied that the house was set fire to by sparks communicated by an engine of the defendant, the jury cannot tender a verdict in favor of the plaintiff. (5.) I charge you gentlemen of the jury that if you believe from the evidence that the proximate cause of the plaintiff being burned was his going back into the burning house after he had reached a place of safety outside the house, you will render your verdict in favor of the defendant. (6.) I charge you, gentlemen of the jury, if you believe from the evidence that after the house was discovered on fire, the plaintiff in this case was safely gotten out of the house and that he was not injured at the time he was gotten out of the house, and believe from the evidence that he went back in the house voluntarily after reaching a place of safety on the outside of the house, and further believe from the evidence that he was not burned until he so came out of the house the second time, then you must render your verdict in favor of the defendant.

There were verdict and judgment in favor of the plain-tiff, assessing his damages at $185.00. Subsequently the defendant made a motion for a new trial, upon the grounds that the verdict of the jury was contrary to the law and the evidence, and that the court erred in refu-sing to give the general affirmative charge, requested by the defendant. This motion was overruled, and the defendant duly excepted. The defendant appeals and assigns as error the rulings of the court in overruling the demurrers to the complaint and the other rulings of the trial court, to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & MORROW, for appel-lant.—The demurrers to the 1st and 2d counts of the complaint should have been sustained. *L. & N. R. R. Co. v. Quick,* 25 Ala. 543. The general affirmative charge requested by the defendant should have been given. There was not sufficient evidence introduced to

make out a *prima facie* case against the defendant *L. & N. R. R. Co. v. Malone,* 109 Ala. 590; *Ala. G. S. R. R. Co. v. Taylor,* 29 So. Rep. 673; *Tenney v. C. G. R. R. Co.,* 30 So. Rep. 623.

JAMES A. ESTES and W. K. SMITH, *contra.*—The first count of the complaint stated a good cause of action, and was not subject to' the demurrer introduced thereto. *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237. The 2nd count of the complaint stated a good cause of action, and was not subject to demurrer. *Highland Ave. & Belt R. R. Co. v. Sampson,* 112 Ala. 427; *Ala. Grt. So. R. R. Co. v. Bailey,* 112 Ala. 170; *Louisville & N. R. R. Co. v. Mothershed,* 97 Ala. 261-5. The court did not err in refusing to give the 5th and 6th written charges requested by the defendant. There was nothing to show that the plaintiff was guilty of contributory negligence. In fact he was too young to be guilty of negligence, and his injuries were shown to be directly traceable to defendant's negligence. *Eckert v. Railway Co.,* 43 N. Y. 502; *John Liming v. Ill. Cen. R. R. Co.,* 81 Ia. 246; 45 Am. & Eng. R. R Cases, 581 and notes p. 585; *Rajnouski v. Detroit B. C. & A. R. Co.,* 74 Mich. 20; 78 Mich. 681.

McCLELLAN, C. J.—The averments of negligence in the counts of the complaint are sufficient.—*Louisville & Nashville R. R. Co., v. Marbury Lumber Co.,* 125 Ala. 237.

The counts aver that defendant negligently set fire to and burned the house in which plaintiff resided with his father and mother and other members of the family; that he was in the house when it was ignited, and was burned while escaping from it during the progress of the fire and by the fire which was burning the house. It thus sufficiently appears that defendant's negligence was the proximate cause of plaintiff's injuries.—*Rajnouski v. Detroit, Bay City & A. R. R. Co.,* 74 Mich. 20; S. C. 78 Mich. 681.

It was not necessary for the complaint to negative contributory negligence on the part of the plaintiff; such negligence is defensive matter. The evidence, moreover, showed that plaintiff at the time of being injured was only five years of age, so that the issue of contributory negligence could not be made in the case.

[Birmingham Railway, Light & Power Co. v. Hinton.]

If the court erred in receiving evidence that the defendant had trackmen in its service, the error was without injury to the defendant.

The testimony of Mrs. Sarah McDonald to the effect that the sparks emitted that night by defendant's engine were unusual in quantity and size; that they were large and attracted her attention and that she had never seen "it throw out fire that way before," was properly received. *Sherrill v. Louisville & Nashville Railroad Co.,* (M. S.) 37 South.

The fact that the plaintiff, an infant of the tender years above stated, was at first taken safely out of a room of the burning house and left in his night clothes on the burning veranda, and, the night being very cold, went back into the room and there received the injuries he complains of, did not break the chain of causation between defendant's negligence and such injuries. No fault is imputable to him for being left on the veranda, that he was there peculiarly exposed to the cold—the house then burning on the inside—was a natural consequence of the house being on fire, and that he went back into the room under the circumstances was a natural sequence. The 5th and 6th charges requested by defendant were, therefore, properly refused.

The law undertakes by the oath administered to jurors to bind their *consciences* to return verdicts according to the conviction of their *minds.* Evidence is addressed to their minds and not to their consciences; and it would tend to their confusion to give prominence to the givings out of their conscience to the exclusion or subordination of their mental faculties as the court was asked to do by charge 4.

Nothing need be said in support of the court's refusal to give the general affirmative charge and the affirmative charge on count 1 requested by defendant.

It is strongly insisted that the court erred in refusing to give the affirmative charge requested by defendant on count 2. The count charges that plaintiff's injuries were caused "by reason of the negligence of the defendant in this, that the defendant negligently selected said engine; that the defendant negligently maintained said

engine in a defective and unsafe condition so that the sparks and fire were thereby permitted to escape and be emitted from said engine; that the defendant negligently operated and managed said engine; that the defendant negligently failed to furnish and equip said engine with a proper spark arrester or appliance to prevent the escaping of sparks and fire therefrom; that the defendant negligently operated and managed said engine, thereby and by reason of said acts of negligence causing the communication of fire from said engine to the house." etc., etc. The averments of the negligent selection of the engine and of its negligent maintainance in a defective condition, etc., would be proved by the facts that it was improperly constructed or was in improper condition with reference to spark arresting appliances. So that in reality the averments of the count are that the engine was not properly constructed; that it was in improper condition, and that it was improperly handled or operated. There was evidence going to show that sparks from this engine were thrown onto and set fire to the house. There was also evidence that a properly constructed and equipped engine with reference to sparks, with its appliances for arresting sparks in proper condition, and handled or operated with due care would not have thrown sparks onto this house, sixty or seventy feet distant, and set fire to it. This evidence raised a presumption in support of each of these averments of negligence in the face of which, even assuming that it was upon the plaintiff to prove all of them, the court could not give the affirmative charge on the count for defendant.

We are by no means convinced that the City court erred in overruling the motion for a new trial.

Affirmed.

HARALSON, DOWDELL and DENSON, J.J., concurring.