# New, *et al, v.* Young.

*Bill in Equity to have Declared Null and Void Certain Deeds to Real Property.*

[Decided Feb. 26, 1905.]

1   *Equity Pleading and Practice; Commission to Two Persons to Take Depositions Authorizes the Taking by one of Them.* Where a commission to take depositions is addressed to two persons, but in its terms authorizes them severally to take and certify the depositions, it is competent for either of the commisisoners named in said commission to act without the other.

2   *Fraudulent Conveyances; Right of Creditor to Subject Property to Payment of Debt.*—Where a wife, who is indebted to a third person, for the purpose of defrauding such person, conveys to her husband property which had been occupied by her as a homestead, but which at the time of such conveyance was not so used or occupied by her, and then subsequently executes a deed conveying said property to the creditor, such creditor, although he cannot have the deed from the wife to the husband set aside and annulled as a cloud upon his title, is entitled to have the land sold and the proceeds therefrom applied to the payment of his debt.

Appeal from Mobile Chancery Court.
Heard before the Hon. Thos. H. Smith.

[New, *et al.* v. Young.]

This was a bill filed by the appellee, William Young, against the appellants, Martha New and George New, to cancel a deed from Martha New to Charles New and one from Charles New to George New, made on June 16, 1900, as a cloud upon the title of complainant, or, in the alternative, to enforce a mortgage made by Martha Baker, subsequently Martha New, to the complainant on May 12, 1898.

The allegations of the bill are that prior to May 12, 1898, Martha New, who was then Martha Baker and unmarried, became indebted to the complainant in several sums of money, and that on the 12th day of May, 1898, she borrowed the further sum of one hundred dollars from complainant, and gave him a mortgage for it, agreeing verbally that if she did not pay the mortgage debt at maturity, the complainant could pay her an additional sum of one hundred dollars, and she would make him a conveyance of the property. Complainant neglected to record his mortgage until June 12, 1901. In 1900 Martha Baker married George New, and on the 16th day of June, 1900, George New suggested to his wife that they could defeat Young's mortgage by having a deed of the property made by Martha New to Charles New, a brother of George, and then have Charles New convey the property to George New. Martha New, Charles and George New went before a justice of the peace, and Martha New made a conveyance of the property, which was worth about five hundred dollars, to Charles New for a consideration of ten dollars, which Charles New handed to Martha New. Martha New handed the ten dollars to George New, and when the justice of the peace was engaged in fixing the deed, Charles New handed George New an additional ten dollars. George New then, without leaving the office of the justice of the peace, purchased the property from Charles New for twenty dollars. Charles New made a deed to George, and George handed him the twenty dollars he had received from Charles New. and took the deed. After this George New abandoned his wife, and on June 12, 1901, while the abandonment existed, complainant, without any knowledge of the making of the deed to Charles New, and by Charles New to George New, carried into effect his orig-

inal agreement with Martha New, formerly Martha Baker, by paying her one hundred dollars, and accepting from her a conveyance of the property in satisfaction of her indebtedness to him, and for the further consideration of the one hundred dollars paid. The property in question had formerly been the homestead of Martha Baker (subsequently Martha New), but she was not residing upon that property either at the time of the conveyance to Charles New, or at the time of her subsequent conveyance to William Young, nor had she filed in the probate court any claim to the property as a homestead. On the contrary, at the time that the conveyance was made to Charles New, George New and his wife had left the property, and made their home with the relatives of the husband; and at the time of the conveyance to Young, Martha New had left the property, and was living at an entirely different place.

The register was requested to issue the commission in the cause to Messrs. J. Blocker Thornton and William B. Inge, Jr., to take the testimony of certain witnesses. In accordance with the request, a commission was issued to said named parties. Only one of the persons named as commissioner acted, who was J. Blocker Thornton; and before him the testimony was taken, and the defendants appeared and cross examined said witnesses. The defendants subsequently moved the court to suppress the whole of the depositions of the witness taken before the commissioner, J. Blocker Thornton, upon the ground that the commission was issued to said Thornton and Inge jointly, while the deposition of said witnesses were taken before said Thornton, acting alone. This motion was overruled.

The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and so ordered. From this decree, the respondent appealed, and assigned the rendition thereof as error.

[New, *et al.* v. Young.]

FRANCIS J. INGE, for appellants.—Creditors, existing or subsequent, cannot attack or complain of a voluntary conveyance of property which is exempt from levy or sale under legal process for payment of debts.—3 Brickell's Digest, sec. 135, p. 517.

It is immaterial to inquire whether the sale of a homestead was made with the intent to hinder, delay, or defraud creditors. Being exempt from the payment of debts, the owner could make any disposition of it he close, and creditors could not complain.—*Fuller v. Whitlock*, 99 Ala. 411.

Even where benefit is especially reserved to grantor of homestead, creditors cannot homplain.—*Fellows v. Lewis*, 65 Ala. 343.

The gift of exempt property is of no injury to creditors it works them no wrong, and deprives them of no right, legal or equitable. As to such property, it may well be said that the owner has no property, and has the power of disposition as if he were free from debt. By the gift, if it were consummated by delivery, the title of the donee perfect and incapable of being affected by any subsequent act or declaration of the donor.—*Wright v. Smith*, 66 Ala. 514.

The conveyance by a husband to a wife of his homestead, even though voluntary, is not fraudulent.—*Lehman, Durr & Co. v. Bryan*, 67 Ala. 558.

GREGORY L. and H. T. SMITH, for appellee.—The undisputed evidence is that at the time that the conveyance was made, neither Martha New nor George New resided upon the property. They had abandoned the property because they were unwilling, according to their story, to reside thereon, unless George New had equal control over the property with his wife. Not having resided upon the property, nor filled any claim of exemptions, the property had ceased to be a homestead, and was subject to the debts of Martha New.—*Waugh v. Montgomery*, 67 Ala. 573; *Priess v. Campbell*, 57 Ala. 49; *Pater v. Harrison*, 27 So. Rep. 302.

Again by the mortgage to Wm. Young the legal title of the property was vested in him, subject only to Martha New's equity of redemeption; and George New, having

[New, *et al.* v. Young.]

full knowledge of the existence of the mortgage, acquired nothing more than Martha New's equity of redemption in the property, subject to all of the rights of William Young; and among these rights was an oral contract to convey this property to William Young in satisfaction of his entire indebtedness. This contract, it is true, was oral, and subject to the statute of frauds, and could, for that reason, have been defeated by Martha New. The right, however, to set up the statute of frauds in avoidance of an oral contract for the conveyance of real estate was personal to Martha New, and one that she could waive.—*Gafford v. Stern*, 51 Ala. 444; 28 Am. & Eng. Encyc. 2d Ed., p. 105.

McCLELLAN, C. J.—The commission to take depositions for the complainant in this case was addressed to J. Blocker Thornton and Wm. B. Inge, Jr., but it in terms authorized them *severally* to take and certify the depositions. Under such a commission it is competent for either one of the commissioners to act without the other, a proposition fully recognized in *Montgomery Street Ry. Co. v. Mason*, 133 Ala. 508. Moreover, had the commission been addressed to the commissioners jointly only, the respondents could claim no advantage from the fact that only one commissioner acted since they appeared before him and cross-examined the witnesses without objecting on account of the absence of the other commissioner.

On the evidence in this record we have reached the following conclusions: *First;* That on June 16, 1900, Martha New was indebted to the complainant, William Young in the sum of three hundred dollars with some interest. *Second;* That she had not then executed to him a mortgage to secure this indebtedness or any part of it, nor was she then under any valid contract or even verbal promise to convey the land here involved to him at any future time in the even she was unable to pay the debt in consideration of the debt and the further consideration of one hundred dollars to be paid by him. *Third;* That she had abandoned the land in question as a homestead and that her conveyance of it on that day indirectly to her husband was fraudulent and void as to creditors,

and as against said indebtedness to complainant. *Fourth;* That, while of necessary consequence complainant had the right to subject the land to payment of his debt just as if no conveyance had been made to the husband. George New, the land subject to that right belonged to George New and she was without right or power to convey it to Young either solely in payment of the debt, or in consideration of that debt, and the money paid her at the time of the conveyance to Young or partly paid then and partly to be paid afterwards, and that, therefore, her conveyance to Young of date June 12th, 1901, was of no efficacy. It follows that, in our opinion, the chancellor erred in the decree rendered. The relief to which the facts entitled the complainant is a sale of the land and the application of the proceeds to the payment of his debt of three hundred dollars and interest, and this relief might, of course, have been granted under the general prayer.

To refer to some of the considerations which have brought us to the final result just announced: The bill alleges that Martha Baker—now New—borrowed three several sums of one hundred dollars each from Young prior to May 12th, 1898, and that on that day he loaned her a fourth sum of one hundred dollars for which he took her additional promissory note and also a mortgage on the land. We fail to attain a state of reasonable satisfaction of mind that this last hundred dollar—promissory note—mortgage transaction occurred in the year named or for more than three years afterwards. To the contrary we are impressed that the payment of this hundred dollars, the taking of said note and the mortgage occurred at the same time that Mrs. New executed the deed to Young, viz., June 12th, 1901, and that all these matters were parts of one and the same transaction, the obvious purpose being to then create a predicate for the deed then made which would antedate Martha New's deed to her husband of June 16, 1901. The hundred dollars then paid to Martha New was not a loan to her, but was the consideration for the deed she then executed, and in respect of that sum Young did not become and is not a creditor of Mrs. New: for if he got what he contracted for, the deed from her. He took this deed with

knowledge that as to every body but creditors and as against all claims of third persons aside from their debts, the title to the land was then in George New. He has no right against Martha New to recover that payment, his only right, if any, growing out of that transaction being that which Martha New may have had against George New to divest title out of him, and we are unable to see how she could have had such right.

As to the three hundred dollars perviously loaned by him to Martha Baker, now New,—for we are reasonably satisfied that such loans were made—he, of course, has the standing and rights of a creditor existing at the time of Martha New's conveyance to George. We have no difficulty in finding that the conveyance was made and accepted with the intent to hinder, delay and defraud Martha New's creditors, and that it was void as to the complainant unless the land constituted her homestead at the time it was made. On that question the case of abandonment is hardly as strong perhaps as that of *Porter v. Harrison*, 124 Ala. 296, yet it is sufficiently strong to support the chancellor's conclusion that the homestead had been abandoned, and to lead us to the like conclusion. The evidence shows that she *moved* away from the place and took up her abode elsewhere. The cause of this removal appears to have been some trouble with her children by a former marriage involving the peaceful occupation of the place by her and her husband. There is nothing to indicate that she had any intention of reoccupying the land as her homestead. In point of fact she never reoccupied it as her homestead, but when she did return to it the place as to her and the whole world except her creditors belonged to George New, and it was his homestead and not hers that she returned to and reoccupied. If she had any purpose to preserve the property as her homestead, upon leaving it, or before, she should have filed her declaration of homestead as required by the statute.—*Porter v. Harrison, supra.*

The other questions presented on this appeal are not of importance in the view we take of the case.

[Pearson v. Dancer, *et al.*]

Reversed and remanded.

TYSON, SIMPSON and ANDERSON, JJ., concurring.