# Birmingham Railway Light & Power Co., v. Martin.

*Action for Damages for Destruction of Property by Fire.*

(Decided Nov. 15, 1906.   42 So. Rep. 618.)

1. *Exceptions, Bill of; Signing; Time; Extension of Time.*—Where the judge made an order extending the time for signing the the bill of exception which order was made within the sixty days following the trial of the issue of fact and further extensions were made by successive agreements of counsel and the bill of exceptions was signed before the expiration of the period fixed by the last agreement, and during the trial term, and within six months of the date of trial, it was signed in time.   (Acts 1900-1, p. 1863.)

2. *Railroads; Operation; Fires; Complaint; Allegation of Negligence.*—A complaint alleging that defendant negligently caused the destruction by fire of property belonging to the plaintiff by allowing sparks and fire to be emitted from one of defendant's engines thereby causing said storehouse to catch afire and communicate such fire to the buildings and property of plaintiffs; and that such property of plaintiff's was destroyed

[Birmingham Railway Light & Power Co. v. Martin.]

by reason of defendant's negligence by negligently operating and maintaining an engine in a defective condition and the negligent failure to provide such engine with the proper spark arrester, so that sparks were caused and permitted to escape thereby proximately causing the communication of the fire from the engine and the destruction of plaintiff's property sufficiently avers negligence.

3. *Witnesses; Examination; Questions; Indefiniteness.*—A question to a witness as to the throwing out by the engine of sparks a short while prior to the time of the fire was not objectionable on account of indefiniteness as to time; and if indefinite, the objecting party could have ascertained with certainty the time by cross examination.

4. *Railroads; Operation; Fires; Actions; Pleading; Admissible Evidence.*—Where the complaint named certain items of property destroyed and contained the following, "and other personal property," and no effort was made by motion or otherwise by defendant to procure a specific statement as to the nature and character of the other personal property, a general question asking if anything else was destroyed by the fire to which no objection was interposed was answered." "I lost a dog worth twenty-five dollars." Held, the answer was competent.

5. *Evidence; Conclusions of Witnesses.*—It was proper to refuse to permit the engineer of the train causing the fire to answer a question, "If he handled the engine carefully as he went along by and left the place where the injury occurred," that being a question for the jury.

6. *Same.*—It was admissible to show by witnesses that they had seen defendant's engine emit sparks of unusual size and in unusual quantities.

7. *Trial; Reception of Evidence; Discretion of Court.*—Although such testimony should more properly be offered as part of the original case, it is within the discretion of the trial court whether he will permit witnesses on rebuttal to testify to main facts in the case, such as they saw defendant's engines emit sparks of unusual size and in unusual quantities.

8. *Railroads; Operation; Fires; Action; Admissibility of Evidence.*—The evidence for the defendant tended to show the proper equipment of all of defendant's engines at the time of the fire. The evidence for plaintiff tended to show that the engine drawing the last train out of the city that night emitted the sparks which caused the fire. Defendant's evidence tended to show that that particular engine emitted no sparks. Held, it was proper to permit plaintiff in rebuttal to ask a witness "whether or not these engines, while being operated along that road about that time threw out any fire, and if so, was it of

unusual size or unusual quantity for an engine," as the answer
to the question tended to contradict the defendant's witnesses
as to proper equipment, and because the testimony did not so
fully and certainly indentify the engine inflicting the injury
as to preclude proof that the engines generally threw out such
sparks.

9. *Trial; Instruction.*—An instruction which required the conscience
and not the mind of the jury to be reasonably satisfied, was
properly refused.

10. *Same.*—Charges requiring the jury to be reasonably satisfied
by a preponderance of the evidence are misleading and prop-
erly refused.

11. *Same; Argumentative Instructions.*—Instructions stating no pro-
position of law, but merely argumentative, are properly refused.

12. *Same; Affirmative Instruction.*—Where the evidence is con-
flicting as to any material issue, the affirmative charge is im-
proper.

13. *Same; Instructions Already Given.*—Although instructions as-
sert correct proposition of law, it is not error to refuse them
if such propositions are substantially covered by written in-
structions already given.

14. *Appeal; Assignment of Error; Insistence Upon.*—Where there
are a mass of refused charges, statement of counsel in brief
"that many other charges requested by the defendant and re-
fused by the court, announced correct propositions of law
under the issues in the case," and that "an examination of a
large number of charges refused to the defendant will lead to
the conclusion that many of these charges were erroneously
refused," will not be regarded as such an insistence upon the
assignment as to reqiure the court to examine such changes
not otherwise insisted on.

APPEAL from Bessemer City Court.

Heard before Hon. B. C. JONES.

Action by J. B. Martin, administrator, against the
Birmingham Railway, Light & Power Company. From
a judgment for plaintiff, defendant appeals. Affirmed.

The complaint in this cause contained two counts.
The first count, after describing the kind and character
of property destroyed and its location, averred negli-
gence in the following words: "And the defendant neg-
ligently caused the destruction by fire of the plaintiff's
said property, to the great damage of plaintiff in the
sum of $4,000 as aforesaid. Wherefore plaintiff sues

and claims damages." The second count, after describing the nature and kind of property, and its location with reference to the defendant's railroad track, avers that "the defendant negligently caused the destruction by fire of plaintiff's said property by causing, suffering, or permitting sparks and fire to be emitted from one of its said engines, and thereby set on fire a storehouse situated on the corner of Twelfth avenue, and Twenty-Fourth street, in block 520, which fire was communicated from said building to the said buildings and property of the plaintiff, by means of other houses standing between, in the course and spread of the fire; and plaintiff avers that his said property was so destroyed by reason of the negligence of the defendant, as aforesaid, which consisted in this: That the defendant negligently selected and maintained an engine which it was operating in a defective condition, so that said sparks and fire were thereby caused to be emitted from said engine; that the defendant negligently failed to provide and furnish said engine with a proper spark arrester or appliance to prevent the escape of sparks and fire, such as are used on well-regulated railroads, or allowed the spark arrester negligently to be and remain in a defective condition, so that the sparks and fire were thereby caused and permitted to escape from said engine as aforesaid, thereby proximately causing the communication of fire from said engine to, and the destruction of plaintiff's said property as aforesaid."

Defendant interposed demurrers to the said count that the allegation of negligence in said count is insufficient; that it is too vague, indefinite, and uncertain; that it is the allegation of a conclusion; that it is not pointed out wherein the defendant's negligence caused the destruction to plaintiff's property. These demurrers were filed to each count. The judgment was rendered on the 12th day of December, 1902. On the 23rd of January, 1903, an order was entered by the judge of the city court extending the time of signing said bill to include February 25th, 1903. By various agreements of counsel, entered into before the time fixed by the next preceeding order for signing the bill, the time for signing was extended to the 1st day of April, 1903, and the bill was

signed within the time fixed by the last agreement.

The question propounded to Mrs. Smithson, was as follows: "I will ask you whether or not you saw any of the engines passing along that place on the defendant's dummy line prior to the time of the fire, about the time of the fire, or a short while prior to the time of the fire, throw out sparks that went as far from the track as your house." This was objected to as incompetent, irrelevant, and illegal. There was evidence pro and con as to the proper equipment of the engine, and as to whether they were operated negligently or properly, not necessary to be set out in detail.

The defendant requested the following charges, which were refused: '(4) The burden of proof is on the plaintiff in this case to reasonably satisfy the mind of each individual juror that the fire which destroyed the plaintiff's property was caused by sparks from an engine of defendant, and unless each individual juror is so reasonably satisfied, by a preponderance of the evidence, then the jury cannot render a verdict in favor of the plaintiff." "(15) The court charges the jury that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence and to the reasonable satisfaction of the jury every material allegation of the complaint, or some count thereof." "(18) I charge you that the jury cannot render a verdict in favor of the plaintiff in this case, unless the conscience of each individual juror is reasonably satisfied that the fire which caused the destruction of plaintiff's property was set out by an engine of the defendant." "(28) I charge you that the mere fact that the fire originated from sparks emitted from an engine is not sufficient in this case to fasten a liability upon the railroad company." "(30) The mere fact that a fire occurred along the line of defendant's load does not raise a presumption that it was caused by or originated from defendant's engine."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. There was no allegation in the complaint that would permit evidence of damages for the loss of a dog.— *Treadwell v. Tillis*, 108 Ala. 262; *Corpening v. Worthington*, 99 Ala. 549; *A. G. S. R. R. Co. v. Tapia*, 94

Ala. 226. The 4th charge should not have been given.—*A.
G. R. R. Co. v. Johnson,* 29 So. Rep. 771; *A. G. S. R. R.
Co. v. Taylor,* 29 So. Rep. 673; *L. & N. R. R. Co. v. Malone,* 109 Ala. 516; *L. & N. R. R. Co. v. Marbury,* 125
Ala. 239. The court erred in permitting Donahue to
state that other engines than the one that set out the fire
threw sparks in unusual quantities and sizes.—13 A.
& E. Ency. of Law, 516; *A. G. S. R. R. Co. v. Johnson,
supra; Gibbons v. Wisconsin R. R. Co.,* 58 Wis. 335;
*Hoskinson v. Central R. R. Co.,* 66 Vt. 618; *Demming v.
Maine R. R. Co.,* 91 Me. 87. (Counsel discuss other assignments of error but cite no authority.

J. A. ESTES and W. K. SMITH, for appellee.

WEAKLEY, C. J.—The judge of the city court of
Bessemer, by virtue of section 18 of the act establishing
that court (Acts 1900-01, p. 1863), had authority in term
time to extend the time for signing a bill of exceptions,
and his order, made before the expiration of 60 days next
following the trial of the issues of fact, was efficacious
to accomplish the extension.—*Moss v. Mosley, post.*—41
South. 1012. The time was further and properly extended by successive argeements of counsel, and the bill
was signed during the trial term before the expiration
of the period fixed in the last agreement and within six
months from the date of trial. The motion to strike the
bill of exceptions must be overruled.

The two counts of the complaint are sufficient in their
averments of negligence.—*L. & N. R. R. Co. v. Marbury
Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620;
*Birmingham R., L. & P. Co. v. Hinton,* 141 Ala. 606, 37
South. 635.

The question propounded to the witness Mrs. M. F.
Smithson was not objectionable in that she was interrogated as to the throwing out of the sparks by the engine "a short while" prior to the time of the fire. If it
be true that the expression "a short while" is somewhat
indefinite, the defendant could by cross-examination
have ascertained from the witness with more of exactness the length of the period which intervened between
the fire and the time she saw the engine emit sparks that

[Birmingham Railway Light & Power Co. v. Martin.]

went as far from the track as the house of the witness.

The plaintiff, after stating a large number of articles of personal property, with their value, which he testified were destroyed in the fire, was asked the general question: "Well, was anything else destroyed in that fire?" No objection was interposed to the question, and it was then answered: "I lost one dog, worth $25." The defendant then "objected to any testimony with reference to the dog, or its value, as calling for incompetent, irrelevant, immaterial, and illegal evidence," which objection the court overruled; an exception being reserved. The argument in support of the objection is, not that a dog is not personal property, but that it was not expressly named in the complaint as having been destroyed by the fire. The complaint did not undertake to state item by item all the property destroyed, but, after naming some, continued: "And other personal property, all situated in and about the storehouse." No effort was made by the defendant, by motion or otherwise, to secure a specific statement as to the nature and character of the "other personal property" alleged to have been destroyed; and since the general question, to which no objection was interposed, was broad enough to call for a statement of anything destroyed in the fire, even a dog, we hold that no error was committed in overruling the objection.

There was no error in refusing to allow the engineer, Weaver, to answer the question whether he handled the engine carefully as he went along by and left Twenty-Fourth street. The witness should be called on to state what he did and how he handled the engine. Whether the handling was careful was one of the questions the jury had to decide, if they found the engine operated by the witness set out the fire which destroyed the plaintiff's property.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621, 642. The question was improper.—*L. & N. R. R. Co. v. Bouldin*, 110 Ala. 185, 20 South. 325; *Birmingham Ry., L. & P. Co. v. Baylor*, 101 Ala. 488, 13 South. 793.

It was not improper to allow witnesses to testify that they had seen defendant's engines emit sparks "of unusual size or in unusual quantities."—*B. R., L. & P. Co.*

*v. Hinton,* 141 Ala. 606, 37 South. 635. If it be true that this evidence should more properly have been offered as a part of the plaintiff's case, yet the trial court had the right, in its discretion, to allow its introduction in rebuttal.

"The question to the witness Donahue, "Whether or not these engines, while being operated along that road about that time, threw out any fire, and, if so, was it of an unusual size or unusual quantity for a locomotive engine?" was also objected to, upon the ground that the inquiry was not confined to the engine drawing the last train out of Bessemer to Birmingham on the night of the fire, and for testimony not properly in rebuttal. The question was proper, for two reasons: First, a witness for the defendant had testified to the proper equipment of all the engines of the defendant in use on that road at the time of the fire, and the answer to the question tended to contradict and weaken that evidence; and, second, while some of the plaintiff's evidence tended to show the engine drawing the last train out of Bessemer emitted sparks which caused the fire, yet the defendant's evidence tended to show that particular engine emitted no sparks, and upon the whole evidence the jury might have believed and found that one of the defendant's engines other than that referred to in the objection set out the fire which caused the damage to the plaintiff —in other words, the engine inflicting the injury was not so fully or with such certainty identified as to preclude proof that the defendant's locomotive generally, at or about the time of the accident, threw out sparks of unusual size or in unusual quantities.—*A. G. S. R. R. Co. v. Johnston,* 128 Ala. 283, 29 South. 771.

Charges 4 and 15 were properly refused because they required the jury to be reasonably satisfied by "a preponderance of the evidence." While it has been held not an error to give such a charge (*O'Connor Mining & Mfg. Co. v. Dickson,* 112 Ala. 304, 20 South. 413; *Behrman v. Newton,* 103 Ala. 525, 15 South. 838), the later decisions expressly hold that similar charges are misleading and may be refused (*Calloway v. Gay,* 143 Ala. 524, 39 South. 277, and cases there cited). In *Carter v. Fulgham,* 134 Ala. 238, 32 South. 684, a like charge was said to impose upon a plaintiff too high a duty.

Charge 18 was defective in requiring the conscience, instead of the mind, of the jurors to be reasonably satisfied.—*L. & N. R. R. Co. v. Hinton,* 141 Ala. 606, 37 South. 635.

Charges 28 and 30 are argumentative. The affirmative charge for the defendant was rightly refused, since the evidence was conflicting upon the material issues.

the appellant argues in favor of its assignments of error, based upon the refusal to give the seventh, fifteenth, eighteenth, and twenty-fifth charges, that they asserted the proposition that "the burden was upon the plaintiff to reasonably satify the jury that the destruction of his property was caused by fire set out by an engine of the defendant;" and that this prposition is sound. We do not doubt the soundness of the proposition; but it is a sufficient answer to the only insistence made that the identical principle was given to the jury in charge 38, repuested by the appellant.

We have now referred to and commented on each refused charge which counsel for appellant have argued. The statement of counsel that "many other charges requested by the defendant and refused by the court announce correct propositions of law under the issues in this case" is not such an insistence and argument upon other charges as will lead the court to consider them. The same thing must be said of the other statement of counsel that "an examination of a large number of charges refused to the defendant will lead to the conclusion that many of these charges were erroneously refused."

The court below gave 14 charges at the instance of the defendant, which seem to present to the jury as favorably as defendant could have wished the principles of law applicable to the action, and 32 charges were refused. The court will not search for error in this mass of refused charges, unless attention is directed to the charge or charges upon which there is serious insistence.

The foregoing disposes of all the contentions of counsel for appellant, and we find no reversible error.

Let the judgment be affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.