# Morton, *et al. v.* Clark.

*Assumpsit.*

(Decided May 12, 1914. Rehearing denied June 3, 1914.
65 South. 408.)

1. *Appeal and Error; Matters Reviewable; Assignments; Brief.*—Where the brief of appellants dealt with assignments of error based on the sustaining of demurrers to pleas filed separately presenting different matters of defense by two defendants, with the rulings together without any specification of the particular grounds on which the rulings were claimed to be erroneous as required by rule 10 Supreme Court Practice, such assignments of error were not so insisted upon as to require a consideration of them.

2. *Same; Harmless Error; Ruling on Pleading.*—A defendant is not injured by the sustaining of a demurrer to a plea of a co-defendant in which complaining defendant did not join.

3. *Same; Assignments; Joint.*—A joint assignment of error is not sustained unless the alleged erroneous ruling involves injury to all those joining in the assignment.

4. *Same; Assignment; Review.*—Where several rulings are involved in a single assignment of error, all the matters complained of therein must constitute error for the assignment to be sustained.

5. *Same; Assignments; Review.*—A joint assignment of error based on sustaining plaintiff's motion to strike portions of several pleas filed by one defendant cannot be sustained where the co-defendant did not except to such ruling, and was not prejudiced thereby.

6. *Same.*—Where the bill of exceptions does not show that the objection referred to in an assignment of error was called to the attention of the trial court or that there was any ruling on the objection, or exception taken to the ruling, such assignment is not presented for review.

7. *Same.*—A single assignment of error directed against the overruling of separate and several objections interposed by defendants to each of several direct interrogatories propounded by a plaintiff cannot be sustained where some of the interrogatories were unobjectionable.

8. *Same; Sufficiency of Brief on Objection.*—Where counsel for appellant in brief does not direct the attention of the court to what is deemed error in the rulings referred to, the appellate court is not required to search the record for errors not specified as required by rule 10, Supreme Court Practice.

9. *Depositions; Commission; Authority to Take.*—Where a party nominates one as a suitable person to take depositions, when filing interrogatories, and the adverse party nominates another residing at the same place, when filing cross interrogatories, a commission addressed to both nominees, or to such one or more of them as should act, conferred authority on either appointee to take and certify the depositions.

10. *Jury; Selection; Right to Strike.*—Where a defendant has not employed an attorney, but has filed a plea of the general issue, and is present at the trial, and demands the right to strike in the selection of a struck jury, such defendant is properly permitted to strike two of the names on the list of twenty-four jurors from which the jury is to be selected. (Section 4635, Code 1907).

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by B. T. Clark against J. E. Morton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was upon a note which, in the amended complaint, it is alleged had been transferred in writing, and is now the property of the plaintiff, and that he had no notice of the defense in said note, etc. Mrs. Hattie Morton, one of the defendants, filed two pleas: First, that the note was executed by her as surety for her husband, and, second, that the note was the debt of the husband, and that she was not directly or indirectly liable for same, but signed it as surety for her husband. J. E. Morton set up that he was induced to execute the note or instrument through misrepresentations of its nature and contents by one Stone, the original payee herein, which representations were material, and were relied on, etc. The appeal seems to have been taken by Hattie and J. E. Morton, and not by Cobb, the other defendant. The assignment of errors are by J. E. Morton and Hattie Morton jointly, without any order of severance.

WALTER NESMITH, and WALTER L. THOMPSON, for appellant. The pleas presented an absolute defense, and

[Morton, et al. v. Clark.]

the court was in error in sustaining demurrers thereto. —*Burroughs v. Pac. G. Co.*, 81 Ala. 255; *S. L. & T. Co. v. Gissandamer*, 4 Ala. App. 528; *Cannon v. Lindsey*, 85 Ala. 198; *Prestwood v. Carlton*, 162 Ala. 332. Pleas of the wife setting up coverture and suretyship presented good defenses.—Sec. 4497, Code 1907; *Harper v. Haines Co.*, 149 Ala. 175; *Hawkins v. Ross*, 100 Ala. 459, and authorities supra. The plaintiff was put to his replication as a purchaser in good faith for value before maturity and without notice.—*Cochrane v. Burdick Bros.*, 61 South. 29; *Ala. Nat. Bank v. Haley*, 109 Ala. 196; *Slaughter v. First Nat. Bank*, 109 Ala. 157. As to assignment 13 the court should sustain said motion.—*Montgomery St. Ry. v. Mason*, 133 Ala. 508. As to assignment 14 to suppress the answers of Clark, motion should have been sustained.—*Electric L. Co. v. Russ*, 131 Ala. 484. The court erred in striking portions of said pleas in abatement.—*Lindsey v. Morris*, 100 Ala. 546; *Davis v. L. & N.*, 108 Ala. 560. As to assignment 18, see General Acts 1911, p. 487; Acts 1909, p. 168. As to assignment 19 see *Elec. L. Co. v. Rust*, supra.

J. C. MILNER, and J. S. STONE, for appellee. There is not such insistence in brief of counsel on the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th and 12th assignments of error, as to require this court to consider the same.—Rule 10, Sup. Ct. Pr; *Thomas Frazer L. Co. v. Hinson*, 4 Ala. App. 625. Where error is jointly assigned injury must be shown to all joining, or an affirmance must follow.—*Cook v. Atkin*, 56 South. 224. The case was submitted to the jury on pleas 1 and 2 of J. E. Morton, and he cannot complain that demurrers were overruled, although the assignment says that there was error in sustaining demurrer.—*Aetna L. I. Co. v.*

*Lasseter,* 153 Ala. 630; *Brent v. Baldwin,* 160 Ala. 635. None of the pleas contained averments of sufficient facts to constitute a defense.—*Scott v. Taul,* 115 Ala. 529; *Bledso v. City Nat. Bank,* 60 South. 942. Under the commission either or both of the parties therein named was authorized to take the deposition.—*New v. Young,* 144 Ala. 424. The court properly refusel to strike the depositions.—*Roll v. Howard,* 62 South. 463; *Smith v. Roney,* 62 South. 753. Counsel discuss other assignments of error, but without further citation of authority, insisting that they were not properly presented in brief of counsel for appellant so as to require consideration of them by this court.

WALKER, P. J.—The lack of support for the contention made in the brief of the counsel for the appellants that "the court erred in overruling the demurrers to the complaint, because it was necessary for said complaint to aver that the said note was transferred in writing," is apparent, in view of the facts that the demurrer which was overruled was the one to the complaint as it was amended, and that the amended complaint specifically averred that the note sued on was duly transferred and assigned in writing by the payee to the plaintiff before maturity.

In dealing with the assignments of error based upon the action of the court in sustaining demurrers to pleas of the two defendants who are the appellants here, which pleas were separately filed and presented different matters of defense, the brief of the counsel for the appellants by no means complies with the requirement of the rule of practice governing the preparation of a brief for the appellant.—Civil Code, p. 1508, rule 10. Each ground of error is not "separately presented and numbered in proper order," as required by that rule.

The rulings mentioned are dealt with all together, without any specification of the particular grounds upon which the several rulings are claimed to be erroneous. The grounds of the alleged errors have not been so pointed out as to cast upon the court the duty of reviewing the rulings so complained of.—*Thomas Fraser Lumber Co. v. Henson,* 4 Ala. App. 625, 58 South. 812. Besides, the assignment of errors is joint, and not several. It is plain that one defendant is not injured by the sustaining of a demurrer to a plea of another defendant in which the former did not join. A joint assignment of error cannot be sustained, unless the alleged erroneous ruling involved injury to all joining in the assignment. —*Lehman, et al. v. Gunn, et al.,* 154 Ala. 369, 45 South. 620. It follows that none of the assignments of error last mentioned can be sustained.

The deposition of the plaintiff was not subject to suppression on either of the grounds stated in the motion made to that end. When the interrogatories were filed, the appellee (plaintiff below) nominated Florence. Wylie, who resides at Tupelo, in the stae of Mississippi, as a suitable person to be appointed commissioner to take his deposition. When the appellants filed their cross-interrogatories, they nominated John M. Witt, who resides at Tupelo, Miss., as a suitable person to act as commissioner. The commission issued by the clerk was addressed "to Florence Wylie and John M. Whitt, residing in Tupelo, in the state of Mississippi, or to such one or more of you as shall act herein." The deposition was taken, certified, and returned by the nominee of the appellants. The terms of the commission were such as to authorize the persons named as commissioners severally to take and certify the deposition. Under such a commission it is competent for either one of the commissioners to act without the other.—*New, et al.*

*v. Young,* 144 Ala. 420, 39 South. 201. The authority relied on in this connection by the counsel for the appellants (*Montgomery Street Ry. Co. v. Mason,* 133 Ala. 508, 32 South. 261), does not support their contention. The commission which was before the court in that case appointed two commissioners "jointly to take the testimony of the witness." In the case at bar the deposition was taken and certified by the commissioner nominated by the appellants under a commission, issued in conformity with such nomination, which authorized him so to act alone.

A single assignment of error brings into question the action of the court in overruling motions of the defendants to suppress the several answers of the plaintiff to 17 cross-interrogatories propounded to him. If several rulings are included in one assignment of error, all the matters therein complained of must constitute error, or the assignment cannot be sustained. The assignment cannot be sustained if it is bad in part.—*Brent v. Baldwin,* 160 Ala. 635, 49 South. 343; *Smith v. Roney* (Sup.) 62 South. 753. Certainly some of the cross-interrogatories were fully answered without the slightest evasion. In the brief of the counsel for the appellants they do not undertake to point out wherein a single answer to a cross-interrogatory failed to respond to it, or was evasive. An appellate court is not to be expected to hunt for errors which the counsel for the appellant do not undertake to point out. However, we have examined the answers to the several cross-interrogatories and have not found that they were subject to the complaints made of them. It was the fault of some of the cross-interrogatories themselves that they failed to elicit the answers expected, as they did not refer to the note sued on, but had reference to a specifically describ-

ed note, all connection with or knowledge of which the witness disclaimed.

The joint assignment of error based upon the action of the court in sustaining motions of the plaintiff to strike portions of several pleas filed by the defendant J. E. Morton cannot be sustained. The appellant Mattie Morton did not except to those rulings, and, furthermore, she was not injured by them.

While the defendant John A. Cobb had not employed an attorney to represent him in the case, he had filed a plea of the general issue, was present at the trial, and demanded the right to strike in the selection of a struck jury. It was not improper for the court to permit him to strike two of the names on the list of 24 jurors from which the struck jury was to be selected.— Code, § 4635; *Montgomery & Eufaula Ry. Co. v. Thompson,* 77 Ala. 448, 54 Am. Rep. 72.

The eighteenth assignment of error is as follows:

"The court erred in overruling the objection of the defendants J. E. Morton and Mattie Morton to the taking of the deposition of B. T. Clark."

The bill of exceptions does not show that the objection referred to was in any way called to the attention of the trial court, or that there was any ruling on the objection or exception taken to such a ruling. It follows that this assignment of error cannot be sustained. No such ruling as is mentioned in it is presented for review.

A single assignment of error is directed against the action of the court in overruling the separate and several objections interposed by the appellants to each of the 11 direct interrogatories propounded to the appellee. Plainly several of those interrogatories were unobjectionable in any respect. It follows that the assign-

ment, embracing as it does, rulings in which there was no error, cannot be sustained.

There has been no such insistence in argument on any of the remaining assignments of error as to put upon the court the duty of reviewing the rulings referred to. In the brief of counsel for the appellants 17 rulings on as many different questions of evidence, are disposed of in one sentence of four lines which fails to direct the attention of the court to what is regarded as constituting error in either of the rulings referred to. An appellate court cannot in this way be put upon a search for errors which are not specified or insisted on in the manner required by the rule governing the method of preparing a brief in behalf of the appellant.—Civil Code, p. 1508, rule 10; *Alabama Steel & Wire Co. v. Sells, et al.*, 168 Ala. 547, 52 South. 921; *Birmingham Railway, Light & Power Co. v. Martin*, 148 Ala. 8, 42 South. 618; *North Alabama Traction Co. v. Taylor*, 3 Ala. App. 456, 57 South. 146.

Affirmed.

