# Mitchell *v.* Gambill.

*Action for False Imprisonment and Malicious Prosecution.*

1. *Action for false imprisonment; sufficiency of complaint.*—A count of a complaint which claims of the defendant damages "for maliciously and without probable cause therefor, arresting and imprisoning the plaintiff" on a designated day, upon a charge of violating a city ordinance which provided a penalty for engaging in business without a license, and that defendant charged that plaintiff was carrying on such business

[Mitchell v. Gambill.]

without a license, states a cause of action for false imprisonment, and is not subject to demurrer upon the grounds that said count does not allege that the charge on which plaintiff was arrested had been investigated, and the plaintiff discharged.

2. *False imprisonment; sufficiency of plea.*—In an action for false imprisonment, where the plaintiff alleges that the defendant maliciously and without probable couse arrested and imprisoned the plaintiff upon the charge of carrying on business without a license in violation of a city ordinance, and the defendant by special plea sets up that at the time of the arrest, he was a license tax collector for the city of Birmingham, and also a policeman of said city, and as such was authorized to make arrests, that the plaintiff was practising law in said city without having taken out a license therefor, in violation of an ordinance of said city; and that the defendant in the discharge of his duty as said license tax collector, demanded of the plaintiff the payment of the license tax due, and upon the plaintiff's failure to pay such amount, he arrested the plaintiff for practising law without having first taken out a license therefor, such plea is insufficient and subject to demurrer in that it does not aver that the offense was committed in the presence of defendant, or that he had a warrant for the arrest of plaintiff, and that there was no law authorizing the license tax collector of said city to make an arrest for engaging in any business without a license unless said officer should have a warrant or writ of arrest.

3. *False imprisonment; sufficiency of evidence.*—In an action to recover damages for false imprisonment, where the plaintiff alleges that the defendant maliciously and without probable cause, arrested and imprisoned the plaintiff upon the charge of carrying on a business without having taken out a license therefor, in violation of an ordinance of the city of Birmingham, where the evidence shows without conflict that the arrest was made for carrying on a business for which a license was required by said city ordinance, without having taken out said license, and that said arrest was made without any warrant or writ of arrest, by the defendant, who was a license tax collector, such evidence establishes the right of the plaintiff's recovery; and the plaintiff is entitled to have the general affirmative charge given to the jury at his request.

APPEAL from the Circuit Court of Jefferson County. Tried before the Hon. A. A. COLEMAN.

[Mitchell v. Gambill.]

This action was brought by the appellant, James A. Mitchell, against the appellee, A. A. Gambill, to recover damages for false imprisonment and malicious prosecution. The complaint as amended contained five counts. The first and second counts were in words and figures as follows:

"1. The plaintiff claims of the defendant the sum of one thousand dollars damages for maliciously, and without probable cause therefor, arresting and imprisoning the plaintiff, on the 8th day of September, 1899, on a charge of violating section No. 323, of the Code of the city of Birmingham, which said section of said city code provided a penalty for engaging in certain business without a license; the particular business which it was intended by the said defendant to charge that plaintiff was carrying on without a license being that of an attorney at law.

"2. The plaintiff also claims of the defendant the sum of one thousand dollars as damages for maliciously and without probable cause therefor, arresting the plaintiff, on the 8th day of September, 1899, on a charge preferred by himself of violating section No. 323 of the Code of the city of Birmingham, which said section provides a penalty for engaging in any business for which a license is required by said city of Birmingham, without taking out a license therefor, the particular business which it was charged by the defendant that the plaintiff was engaged in, or had engaged in, without a license being that of an attorney at law, which is a business for which a license is required, and the plaintiff avers that before the commencement of this action the said charge has been judicially investigated, and said prosecution ended, and the plaintiff discharged."

The third count was for wrongful and unlawful arrest, and the fourth and fifth counts were for wrongful and unlawful arrest, and contained averments that plaintiff was acquitted in subsequent prosecution in police court in Birmingham.

To the first count of the complaint, the defendant demurred upon the grounds that it was defective and insufficient in that it failed to allege or show that the

charge on which plaintiff was arrested had, before the commencement of the pending suit, been judicially investigated, and the prosecution under said charge ended; and plaintiff discharged; and because it fails to show or allege whether the arrest was by virtue of legal process or the contrary, and because it fails to allege wherein said arrest was wrongful. This demurrer was sustained.

There were demurrers to the second, third, and fourth counts of the complaint, and a motion to strike a part of the fifth count; but under the opinion on the present appeal it is not necessary to set out this demurrer or the motion. The demurrers were overruled, and the motion was sustained. The defendant pleaded the general issue and the following special plea: "2d. For further answer to plaintiff's complaint and to each count thereof severally and separately the defendant says that he was, during the entire year 1899, license collector for the mayor and aldermen of Birmingham, a municipal corporation, and as such that it was his duty to collect the license or occupation taxes for said city. That he was also a policeman of said city, and as such was authorized to make arrests. That the plaintiff was a practising lawyer in said city during the entire year 1899. That the mayor and aldermen of Birmingham had imposed a license tax upon the occupation of practising law and had prohibited any one from engaging in the practice of law without first having paid for and taken out license therefor, under penalty of a fine of not less than five and not more than one hundred dollars. That said plaintiff engaged in the practice of law during said year as aforesaid without first having paid for and taken out license therefor. That defendant in discharge of his duties as said license inspector, demanded of plaintiff, on, to-wit, the 15th day of April, 1899, the payment of the license tax due, as aforesaid, for said year. (That plaintiff thereupon gave to the defendant his check, drawn upon the Jefferson County Savings Bank, for the sum of sixteen and 50-100 dollars, being the amount due by the said plaintiff to the mayor and aldermen of Birmingham, for such license tax, which was, to-wit, ten dollars, and the fee for issu-

[Mitchell v. Gambill.]

ing such license, which was, to-wit, one dollars; and also one and 50-100 dollars, the amount of poll tax and costs of collection thereof, and three dollars and fifty cents as street tax and costs. That defendant caused said check to be presented for payment to said Jefferson County Savings Bank, and payment was refused by said bank, the plaintiff not having sufficient funds on deposit in said bank to pay the same. That after payment of said check had been refused by said bank, as aforesaid, defendant informed the plaintiff of that fact,) and demanded of the plaintiff that he pay the amount due for said license as aforesaid, which plaintiff failed and refused to do. And thereafter defendant arrested the plaintiff for carrying on a business in the city of Birmingham, to-wit, the practice of law, for which a license was required by said city, without first having taken out and paid for such license."

The plaintiff demurred to this special plea No. 2, among others upon the following grounds: "1. The defendant does not show that he had or acted under any warrant for the arrest of the plaintiff when he arrested him. 2. The said plea is defective in that it does not show that the alleged offense of engaging in the said business was committed in the presence of the defendant. 3. There is no law authorizing (and there was not at the time of the arrest complained of), a license tax collector to make an arrest for engaging in any business without a license, unless the said officer should have a warrant or writ of arrest. 4. A license tax collector and policeman cannot without a warrant arrest a person for doing business without a license, unless the offense is committed in his presence." This demurrer was overruled. Thereupon the plaintiff moved to strike from said special plea No. 2 the averments therein contained within the parentheses, upon the grounds that such averments were wholly immaterial and presented no issue. This motion was overruled, and the plaintiff duly excepted.

To plea No. 2 the plaintiff filed two special replications, in which he set up that the instrument given by the plaintiff to the defendant in payment of the license

fee was a bill of exchange or check payable at a future date, and was given to the defendant with the express understanding that he did not have sufficient money in the bank on which the draft was drawn to pay the same, but expected to have sufficient money on deposit to pay it at the date it was agreed to be presented; that upon the giving of said draft or check, the defendant issued to the plaintiff a license, and that subsequently the amount of said license had been paid to the city, and that the plaintiff was discharged from all liability to the city therefor.

The evidence showed that on the 8th day of September, 1899, the plaintiff was arrested by the defendant, without a warrant, and compelled to give bond for his appearance before the police court of Birmingham, where the defendant prosecuted him under a charge of violating section 323 of the Code of said city, which section of the said Code imposes a penalty for engaging in a business for which a license was required without first taking out and payment for such license. The plaintiff was during the year 1899 engaged in the practice of law in Birmingham, and the defendant was license, street and poll tax collector for the said city. On the trial of the case against the plaintiff, on the morning after his arrest, he was acquitted and discharged.

At the time of his arrest and prosecution, the plaintiff held a license duly issued by the proper officers of the city of Birmingham authorizing him to do business as a lawyer (which was the business he was charged with engaging in without a license), until the 31st day of December, 1899. The defendant had himself signed his name to this license and delivered it to the plaintiff on the 23rd day of May preceding the arrest. This license was issued to the plaintiff under the following circumstances: On the 23d day of May, 1899, the defendant went to plaintiff's law office in Birmingham and asked plaintiff for the amount of his licence tax, which with fee was $11.00, his street tax which was $3.00, and his poll tax which with fees was $2.50, the whole amounting to $16.50. The plaintiff told the defendant that he did

not have the money with which to pay these sums at that time, but he thought he would have it by the following Monday, it then being Tuesday. After some discussion, the defendant asked the plaintiff to give him his check for these amounts payable the following Monday, and it would be all right. Accordingly, the plaintiff wrote out his check for $16.50, payable to "A. A. Gambill," dating it for the following Monday, May 29, 1899, and delivered it to the defendant Gambill, calling his attention to the date, and asking him not to present it before that time as he did not have enough money in bank to pay it. The defendant denies in his testimony that the plaintiff told him he did not have enough money there to pay the check, but he admitted that the plaintiff said he did not want to pay the amount till Monday, and that he re-, quested the plaintiff to give him a check payable on that day; and that the plaintiff did so, and that he then gave the plaintiff receipts for his street and poll tax, and mailed the license, to him that night,—May 23d, 1899. And the checks, receipts, and license, which were introduced in evidence, all establish these facts beyond contradiction. The plaintiff had an account at the bank on which the check was drawn, and there was a small balance there to his credit at that time. He was unable to make a deposit in the bank before the check became payable, but thought the bank would permit him to overdraw his account in the bank the small amount necessary to pay it, as the bank had often before allowed him to do. He did not hear anything from the check for thirty days after its delivery to the defendant, and he thought the check had been paid. On the 22d day of June, the defendant told him that the check had come back to him unpaid. The plaintiff and defendant had several conversations about the check during the summer, and the plaintiff says that the defendant expressly recognized and always, prior to the arrest on the 8th of September, spoke of the check as an obligation which the plaintiff owed him personally. This latter statement the defendant denies. It was still unpaid on the 8th day of September, 1899; but a short while after the trial, sometime in the early part of October, of that year, it was duly paid by the bank.

[Mitchell v. Gambill.]

The plaintiff introduced in evidence various books of the city of Birmingham, and the testimony of officers of the city, which went to show that the defendant, in accordance with the custom and mode of doing business, duly settled with the city for the amount of plaintiff's license tax and fee at the end of the month of May, 1899, and that the amount thereof was paid into the city treasury at that time, and that the city retained the money.

The defendant attempted to justify the arrest without a warrant by proof that he was a duly qualified policeman of the city of Birmingham at the time of the making of the arrest; but under the opinion it is not necessary to set out this evidence. There were several charges requested by each of the parties, but it is unnecessary to set these out at length. Among the charges requested by the plaintiff, and to the refusal to give each of which the plaintiff separately excepted, was the general affirmative charge in his favor.

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

Z. T. RUDULPH and W. T. HILL, for appellant.—The first count of plaintiff's complaint was in strict accordance with the Code form for false imprisonment; and the trial court erred in sustaining defendant's demurrer thereto.—Code of Alabama, § 3352, p. 946, form 19.

The second plea of defendant is bad, for the reason, among others, that it does not contain averments that the defendant, in arresting the plaintiff, acted under a legal warrant or that the alleged offense was committed in his presence; and the ruling of the court in overruling plaintiff's demurrer thereto was error.—*Gambill r. Schmuck,* 131 Ala. 331; 31 So. Rep. 604.

No counsel marked as appearing for appellee.

HARALSON, J.—The first count in the complaint is for false imprisonment, and not for malicious prosecution, as defendant's counsel by demurrer seems to as-

sume. It follows the form of an action for false impris-
onment in the Code, except that it does not state the du-
ration of the imprisonment.—Code, p. 946, form 19. It
was not demurred to on this account if that were a
fault. The demurrer should have been overruled.
*Ragsdale v. Bowles,* 16 Ala. 64.

There were other counts, numbered 2, 3, 4, and 5. De-
murrers to the first three of these, were overruled and
issue was joined on them. There was no demurrer to
the 5th, and issue was joined thereon.

The court struck a part of count 5 on motion of de-
fendant, and overruled plaintiff's motion to strike a part
of defendant's plea numbered 2. In argument no insist-
ence is made or assignment of error for either of these
rulings. In the argument in brief of plaintiff he merely
states, that these rulings were erroneous, which amounts
to no more than is stated in the reservations of excep-
tions to the same.

Special plea 2 fails to deny malicious arrest, but if
that be a fault, it was not demurred to on this ground.
It was demurred to because it did not aver that the of-
fense was committed in the presence of the arresting offi-
cer; that there was no law authorizing a licensed tax
collector to make an arrest for engaging in any business
without a license, unless said officer should have a war-
rant or writ of arrest. The demurrer was overruled.
The plea was subject to these grounds of demurrer. It
failed to aver that the offense was committed in the
presence of the arresting officer, or that he had a war-
rant for the arrest of defendant.—*Gambill v. Schmuck,*
131 Ala. 331. Section 323 of the City Code, under which
the prosecution was commenced, merely makes it unlaw-
ful for any person to engage in business for which a li-
cense is required, (and the business of a lawyer would
fall in that category), before having paid for and taken
out a license, and on conviction for its violation, a pen-
alty is prescribed; but it does not authorize such offend-
ers to be arrested without a warrant. If under the gen-
eral law, (Code, § 5211), the defendant might have been
arrested if he practised law without a license in the pres-
ence of the officer, we need not decide, for as stated, the

plea does not set up that fact, but that "defendant arrested the plaintiff for carrying on a business in the city of Birmingham, to-wit, the practice of law, for which a license was required by said city, without having first taken out and paid for such license."—*Gambill v. Schmuck, supra.*

After the demurrer to this plea was overruled, issue was joined on it, and the plaintiff filed special replications thereto, numbered 2 and 3, which do not appear to have been questioned by demurrer, and issue was joined on them.

There were many charges asked by plaintiff which were refused, and a number requested by defendant which were also refused. The general charge for each was of the number.

Without reviewing these requested instructions, we may say, that the evidence established without conflict, that the arrest was made for carrying on the business of a lawyer, and that it was made without any warrant or writ of arrest. Whether defendant was a duly appointed and qualified policeman or not, at the time of the arrest,—about which much evidence was introduced and much argument is here indulged by plaintiff's attorneys, taking the negative of that proposition,—we need not consider, for, if a qualified officer, he had no right to arrest the plaintiff without a warrant or writ of arrest; or, if his acts were attempted to be justified on the score of his having been an officer *de facto;* or, if he acted as a private citizen in making the arrest, he was equally without authority to make it; and, in the absence of such authority, in either instance, the arrest was unlawful, and the plaintiff was entitled to the general charge, which was refused him. Moreover, the plaintiff had a licensé to practise law, for which the city had been paid in money. If Gambill had a claim against him for the check that plaintiff gave him, that was an individual matter between plaintiff and himself.

Reversed and remanded.