# Kinnon, as Adm., *v.* L. & N. R. R. Co.

## *Death Action.*

(Decided May 14, 1914. 65 South. 397.)

1. *Appeal and Error; Assignment; Office of.*—The office of an assignment of error is to inform appellate courts and the appellee of the precise matter of error relied upon, it being in the nature of a pleading by appellant.

2. *Same; Sufficiency.*—An assignment that the court erred in refusing to submit the case to the jury under the evidence, is not sufficient to warrant consideration, under rule 1, Supreme Court Practice, as the assignment lacked precision and numerous errors might have prevented the case from reaching the jury.

3. *Same.*—Where the transcript showed that on motion of defendant the court excluded all of plaintiff's evidence and on its own motion instructed a verdict for defendant, an assignment of error complaining generally of the failure of the court to submit the cause to the jury cannot be considered since it does not show which ruling should be reviewed.

4. *Same; Waiver.*—Assignments of error not insisted upon in brief or oral argument are waived.

Appeal from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by Thomas J. Kinnon as administrator, against the Louisville & Nashville Railroad Company for damages for the death of his intestate, Frank Kinnon. Judgment for defendant and plaintiff appeals. Affirmed.

Gibson & Davis, for appellant. After stating the facts, counsel insist that the cause should have been submitted to the jury for reasonable inferences deducible from the facts that defendant was guilty of negligence, resulting in the death of his intestate, and in support thereof cite authorities, but in view of the opinion it is not deemed necessary to here set them out.

TILLMAN, BRADLEY & MORROW and CHARLES E. RICE, for appellee. The assignments of error are so general and uncertain as to fail to inform the appellate court and the appellee of the matters presented upon which to base a reversal.—*Alexander v. Rhea,* 50 Ala. 452; *Craig & Co. v. Pearson L. Co.,* 53 South. 804; 170 Ala. 574; *Ashford v. Ashford,* 136 Ala. 640; *Driver v. King,* 145 Ala. 596; *Jones v. Adkins,* 151 Ala. 318. Error is never presumed but must be affirmatively shown.—*Teague v. Lindsey,* 106 Ala. 276; *Dowling v. State,* 151 Ala. 131; *Scales v. Central I. Co.,* 55 South. 822.

McCLELLAN, J.—The personal representative of Frank Kinnon, deceased, instituted this action against the appellee for damages for wrongfully causing the death of plaintiff's intestate.

Under the nomination of "assignment of error No. 1," this is the assertion made:

"That the court committed manifest error in refusing to submit the cause to the jury. Under the evidence shown in the bill of exceptions, the question of negligence should have been left to the jury."

It is insisted in brief for appellee that the quoted matter is insufficient as an assignment of error under rule 1 of Supreme Court practice.—Code, p. 1506. The rule is:

"In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists, which assignment must be written upon the transcript. The words 'there is no error in the record' shall be sufficient joinder in the error."

An assignment of error in appellate procedure is a pleading, and is regarded in every material respect like the initial pleading in the trial court. The offices of an assignment of errors are: To apprise the appellate

court of the specific questions, raised by specified errors asserted by the appellant, presented for its consideration; and to inform the opposite party of the matters of error relied on, so that discussion may be limited and concentrated.—2 Ency. Pl. & Pr. p. 921; 2 Cyc. pp. 980, 986, 987; *Jones v. Adkins*, 151 Ala. 316, 44 South. 53. Our quoted rule of practice has always been administered to effect the general purposes and fulfill the offices stated, and so to the very important end that fair and orderly processes, so necessary to the service, might prevail and a just facilitation of the work of the court may obtain. As early as *Brahan v. Collins*, Minor, 169, this court declined to accept, as the requisite specification of error, a general undesignating assertion of error by an appellant. The only relaxation the practice has had is in equity cases, where the error relied on affected the whole decree.—*Robinson v. Murphy*, 69 Ala. 543, 546. Precision has been ever regarded as of the essence of the practice; and generality has also been always treated as offensive to a proper practice in asigning errors. And, since the long-established practice exacts specifications of error in the action of the trial court, an appellant cannot be allowed to interpret the legal effect of the action of the court and translate his interpretation thereof into an efficacious assignment of error. He must specify the action of the trial court of which he would have review and revision.

The assertion of error here made is entirely insufficient to invoke review. It only sets forth the appellant's conclusion of the effect of some unspecified action of the trial court. Whether the result the appellant asserts was produced by judicial action of one sort or of another is not alleged. A trial court might err with the result or effect the quoted assertion of error affirms in any one of these ways: By striking pleadings,

by excluding evidence, or by instructions to the jury. It is the duty of an appellant to specify; and this attempted assignment does not do so. Furthermore, if it were permissible to aid an indefinite assignment of error by reference to the transcript—a practice that cannot, in justice to trial courts and to appellees, be sanctioned—it would appear that this trial court excluded, on defendant's motion, all of the plaintiff's evidence and thereupon ex mero motu instructed the jury to find for the defendant.

It is clear that, if the granting of the motion was without error or prejudice to plaintiff, the stated instruction of the jury was not error. The appellant has left unspecified, by assignment of error, which of these two rulings of the court he would question. Where an appellant does not designate in his assignment of error the particular errors of which he would have revision, review will not be undertaken.— *Nat. Fertilizer Co. v. Holland,* 107 Ala. 412, 417, 18 South. 170, 54 Am. St. Rep. 101; *Craig & Co. v. Pierson Co.,* 169 Ala. 548, 53 South. 803.

There are three errors touching ruling on the evidence, properly assigned on the transcript; but, not being insisted upon in brief for appellant, they must be taken as waived.—*Western Railway Co. v. Russell,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; *Fitts v. Phoenix Co.,* 153 Ala. 635, 45 South. 150.

The judgment is affirmed.

Affirmed. All the Justices concur.