# Western Union Tel. Co. *v.* Emerson, *et al.*

### Failure to Deliver Telegram.

(Decided November 10, 1914. Rehearing denied June 1, 1915. 69 South. 335.)

1. **Appeal and Error; Insistence; Waiver.**—Where a brief does not conform to the Supreme Court Rules 10 and 12, but merely complains in broad terms of rulings made the basis of assignments of error, the assignments of error not properly insisted up in brief will be considered as waived or abandoned, and will not be considered.

2. **Estoppel; Pleading; Abatement.**—Where defendant filed a plea in abatement averring that the contract sued on was a joint contract between plaintiff and other named persons, and that there was a non-joinder of parties plaintiff, and plaintiff, confessing such plea, amended by making such persons plaintiff, and such persons were forced to take a non suit in their separate individual suits against defendant and to pay costs of suit before being permitted to join as necessary parties plaintiff, the defendant was estopped to set up by plea in abatement that the suit was begun by plaintiff alone, and that such other persons had previously instituted individual suits

[Western Union Tel. Co. v. Emerson, et al.]

on the same breach of contract, which were pending when the amendments were made; the defendant having gained the advantage of requiring such joinder of parties plaintiff.

3. **Appeal and Error; Specification of Error; Breach.**—Where the brief, in one paragraph, insisted that the court improperly overruled motion to strike parts of the complaint setting up matters that were not properly recoverable as damages, overruled objections to evidence, and refused to give certain charges, but did not specify error in any particular ruling and cited no authority, it was not a sufficient insistence to require the review of such question.

4. **Telegraphs and Telephones; Joint Recovery; Damages.**—In an action for the breach of a contract to deliver a telegram the necessary parties plaintiff entitled to a joint recovery were at least entitled to recover nominal damags, or such damages as were jointly suffered.

5. **Same; Punitive Damages.**—Punitive damages are not recoverable in an action ex contractu for failure to deliver a telegram.

6. **Appeal and Error; Presentation; Additional Briefs.**—The filing of an additional brief, insisting on errors, will not be given the effect of a retract of the waiver of such errors in the brief filed on the original submission as to the errors assigned, but not so urged as to authorize a consideration.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Mrs. Evie Emerson and others against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed, and remanded for new trial.

As originally instituted the suit was by Mrs. Evie Emerson alone, and counted on a failure to deliver the following telegraphic messages, delivered to it at Colling, Ala., to be transmitted at Cotton Dale, Ala.: "Colling, Ala., March 8th, 1911 to M. C. Fitts Cotton Dale, Ala. Mrs. Slayton very low. You all come up tonight. D. P. Cannon, M. D."

It appears that later similar suits were filed by Mrs. Bama Fitts and Mrs. Leila Davis, who, together with the plaintiff Emerson, were the daughters of Mrs. Slayton, referred to in the telegram, and who died about 2 a. m. the following morning. It is alleged in the complaint that the defendant contracted and undertood to transmit and deliver said message to Marbin C. Fitts, husband of one of the plaintiffs, and brother-in-law of the other plaintiff, who was staying at his home at the time, but that the defendant breached the contract by failing to promptly deliver said message, etc.

(This cause was reviewed by the Supreme Court on certiorari and the writ denied. See *Ex parte Emerson,* 193 Ala. 675, 69 South. 1017.—Reporter.)

JONES & PENICK, FORNEY JOHNSTON, W. R. C. COCKE, and
GEORGE H. FEARONS, for appellant.   BROWN & WARD, for appellee.

PELHAM, P. J.—At the time of the submission of this case
a motion to dismiss the appeal was urgently pressed upon the
court, on the ground, among others, that no copy of appellant's
brief had been served on counsel for appellee prior to or at the
time of submission, as required under the rules of the court.
—Code, p. 1509, rule 13 (175 Ala., 61 South. vii).   Upon hearing the motion the court deemed the showing made by the appellant sufficient to authorize a submission of the case, and the
motion to dismiss the appeal is overruled.

(1) At this time it was earnestly insisted by appellee's counsel, in the oral argument of the case before the court, that the
failure of the appellant to insist in the brief filed on submission
of the cause upon many of the errors assigned on the record was
a waiver and abandonment thereof.   The case was argued orally
before the court and submitted on the appellant's brief on the
23rd day of April, 1913, and within the 10 days required under
rule 13 (Code, p. 1509) the appellee's counsel filed their brief and
argument, in which they again made the point, with citation of
authorities, stressing their insistence that the court was restricted in the consideration of the assignments of error to those
insisted upon in the appellant's brief on submission and not
waived under the rules and previous holdings of the Supreme
Court.   It is the appellee's right to confine the errors to be reviewed to those properly urged in the brief filed on the original
submission; and, as appellee stands upon her rights in this particular and insists upon the waiver of other errors assigned, we
will consider and discuss as grounds of reversal only those errors
not waived or abandoned.—*L. & N. R. R. Co. v. Holland*, 173 Ala.
675, 693, et seq., 55 South. 1001; *Dickens v. Dickens*, 174 Ala.
345, 355, 56 South. 809.

(2) The brief filed on submission does not conform to the
rules with respect to the preparation of briefs (rules 10 and 12
[61 South. vii]), and contains the citation of no authority.   It
complains, however, in broad terms, of the rulings of the court
on certain matters made the basis of the assignment of errors,
and loosely argues these propositions.   One of the questions thus
presented and insisted upon as showing error in the ruling of

the trial court is that the court sustained demurrers to the defendant's pleas A, B, C, and D, and assignments of errors are based on such rulings. Pleas A, B, C, and D are pleas in abatement, averring that the suit was originally instituted by the plaintiff Evie Emerson alone, and that the plaintiffs Nannie Black, Bama Fitts, and Leila Davis had previously instituted individual suits against the defendant on the same contract growing out of the same alleged breach, which were pending at the time the complaint was amended, making the plaintiffs in those suits parties plaintiff to this suit. The record shows that the defendant had, previous to the filing of these pleas in abatement, filed plea No. 11 in abatement of this suit instituted in the name of Evie Emerson as plaintiff, averring a nonjoinder of parties plaintiff, and alleging that the contract, the foundation of the suit, was made by the defendant, not alone with the plaintiff Evie Emerson, but jointly with her and the said other named parties, Nannie Black, Bama Fitts, and Leila Davis. The judgment entry set out in the record shows that the plaintiff confessed this plea in abatement interposed by the defendant, and amended her complaint by adding the said Nannie Black, Bama Fitts, and Leila Davis as parties plaintiff to this cause of action. The judgment entry further shows that the plaintiffs took a nonsuit in each of said separate individual suits, and were required by the court, on the motion of the defendant, to pay the costs of said suits before being permitted to further prosecute this suit after amending the complaint by adding these parties as plaintiffs. The demurrers to the defendant's pleas in abatement A, B, C, and D were properly sustained, aside from the fact that the judgment entry shows that nonsuits were taken in each of the separate individual suits and the plaintiffs not allowed to prosecute their suit further after amendment until the costs in the suits instituted by these parties suing separately had been paid; for the reason that the amendment adding these persons as parties plaintiff had been made necessary by the defendant successfully maintaining the position taken by it in its plea in abatement No. 11. It was asserted in that plea that the contract sued upon was a joint contract made between defendant and all of the said parties, and these parties were, in consequence of this position taken by the defendant, forced to abandon their separate suits and join in the suit before the court as necessary parties plaintiff to it. Having gained the advantage of requiring

the plaintiffs to join in the action as necessary parties to maintain the suit, the defendant was estopped from assuming a position inconsistent with that position, and setting up the same things in another and different aspect, by repugnant pleading to the prejudice of the adverse party in that suit, or another suit, for that matter, when founded on the same subject-matter. —16 Cyc. 796; *Brown v. French,* 159 Ala. 645, 49 South. 255; *Woodruff v. Stough,* 107 Ala. 314, 18 South. 258; *Hodges v. Winston,* 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; *Fox v. Sampey,* 9 Ala. App. 561, 63 South. 769.

"One who has made a choice between two inconsistent steps or courses of action is confined to that chosen, and is estopped to assert any right or claim any benefit growing out of or based upon the other."—*Farley Nat. Bank v. Henderson,* 118 Ala. 441, 472, 24 South. 428, 437.

As said by MAYFIELD, J., in *Travis, Adm'r, v. Sloss-Sheffield S. & I. Co.,* 162 Ala. 606, 607, 50 South. 108, "A party is not allowed to mislead the court into error, even unintentionally and profit thereby."

(3) In one and the same paragraph of the appellant's brief, it is insisted that the court improperly overruled motions to strike parts of the complaint as setting up matters that were not properly recoverable as damages, overruled objections to evidence, and refused to give charges requested by the defendant along the same lines. No specific error is pointed out, and we are directed to no particular ruling of the court in this particular as constituting error. The insistence as to error is made only in a general way and jointly, and no authorities are cited in support of the general statement, which is no more than a repetition of the assignments of error, and is not a sufficient insistence to require a review of these questions.

The statement in the appellant's brief and contention to the effect that no part of the evidence is of a nature that would support a claim for punitive damages is not borne out by the evidence set out in the record, and this contention that punitive damages are not recoverable in an action of this nature, as referred to the evidence is not sound.—*W. U. Telegraph Co. v. Seed,* 115 Ala. 670, 22 South. 474; *Manker v. W. U. Telegraph Co.,* 137 Ala. 292, 34 South. 839; *W. U. Telegraph Co. v. Manker,* 145 Ala. 418, 41 South. 850; *W. U. Telegraph Co. v. Stokes,* 171 Ala. 168, 54 South. 181.

(4) What has been said is a sufficient answer to the general statement contained in appellant's brief that there could be no joint recovery by the plaintiffs in the cause of action. These parties plaintiff were made so on defendant's insistence that it had jointly contracted with them, and defendant cannot be heard in denial of their rights to a joint recovery.—Authorities supra. Under the conditions shown, as well as generally, the plaintiffs were at least entitled to a joint recovery of nominal damages or that damage which they jointly suffered.

We have discussed all the matters presented by brief in such a manner that they can be regarded as insisted upon for consid-. eration on review here, and, indeed, some that are not so presented.—*Fitts v. Phoenix Auction Co.*, 153 Ala. 635, 45 South. 150. We find no error insisted upon that would authorize a reversal of the judgment, and an affirmance is accordingly ordered.

(5) After the opinion in this case had been agreed upon in consultation and the foregoing opinion was prepared, and as late as November 3, 1914 (the case was submitted April 23, 1913), the appellant has filed an additional brief, but the insistence on errors made in this subsequently filed brief cannot have the effect of retracting the waiver, made in the brief filed on the original submission, as to the errors assigned, but not urged, so as to authorize a consideration.—*Dickens v. Dickens, supra; L. & N. R. R. Co. v. Holland, supra.* We have discussed all the matters before us properly raised for our consideration in what we have heretofore said, and do not regard there is reversible error in the matters presented.

Affirmed.

## ON REHEARING.

Our attention is directed, on an application for rehearing, to the fact that the original brief not only complained of the evidence not being sufficient to support a claim for punitive damages (a proposition passed upon in the opinion), but that the point was also made that such damages were not recoverable in the form of action (ex contractu), brought by the plaintiff (appellee), and that the court's refusal to give the written charge requested by appellant, to the effect that there could be no recovery of punitive damages, was argued and insisted upon as con-

[Western Union Tel. Co. v. Emerson, et al.]

stituting reversible error, and was made the basis of an assignment of error. We are of the opinion that this question is presented for our consideration so as to require a review here, and has not been waived or abandoned under the rules we have discussed.

(6) The action is clearly ex contractu, and the appellees confessed the appellant's plea in abatement, averring the contract sued upon as joint. The trial was had upon the theory of an action upon contract, and there is no other reasonable construction that can be placed on the counts of the complaint than that they are on contract. The action was accordingly ex contractu. The question, then, is fairly presented as to the plaintiffs' right to recover punitive damages in an action of that nature. That punitive damages are not the proper element of damages to be assessed in an ex contractu action of this kind has been decided by the Supreme Court when having that proposition directly under consideration.—*Western Union Telegraph Co. v. Rowell*, 153 Ala. 295, 45 South. 73; *Western Union Telegraph Co. v. Benson*, 159 Ala. 254, 48 South. 712. In the latter case, citing the former in support of the ruling, it is said, in passing on a written charge given for the plaintiff submitting the question of assessing punitive damages to the jury: "The action is ex contractu, and such damages are not recoverable."—159 Ala. page 274, 48 South. page 719. See, also, *St. L. & S. F. R. R. Co. v. Hunt*, 6 Ala. App. 434, 60 South. 530.

The error of the court in submitting the question of the recovery of punitive or exemplary damages to the jury was prejudicial error under the facts shown by the record, requiring a reversal of the judgment. The former order of affirmance is set aside, the judgment appealed from its reversed and the case remanded, to the end that a trial be had in conformity with our holdings.

Reversed and remanded.