## Lane *v.* City of Tuscaloosa.

### Violating Municipal Ordinance.

(Decided August 1, 1916.   72 South. 576.)

Witnesses; Examination; Scope.—In a prosecution for violating a municipal prohibition ordinance, a question on cross examination of a defendat's witness, if it were not a fact that the city had so many prohibition cases against Charlie Lane that you might have become confused as to which case it was stated that the money was given to Charlie Lane, and which to Ada Lane, the defendant, was proper, as eliciting an answer having a tendency to sustain the credibility of a witness for the city whom defendant was trying to impeach by that particular witness, as well as to test the credibility and accuracy of the witness, although the question might have been irrelevant.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Ada Lane was convicted of violating the prohibition ordinances of the city of Tuscaloosa, and she appeals.   Affirmed.

The question to the witness Sullivan was as follows:

Isn't it a fact, Mr. Sullivan, that the city has had so many prohibition cases against Charley Lane that you might have become confused as to which case it was stated that the money was given to Charley, and which to Ada?

The court overruled defendant's motion to exclude the answer.

WRIGHT & FITE, for appellant.   BROWN & WARD, for appellee.

PELHAM, P. J.—The assignments of error predicated upon the appellant's insistence that the ordinance of the municipality offered in evidence, and for a violation of which the defendant was tried and convicted, was not a valid ordinance in force at the time of the commission of the alleged offense was disposed of in the case of *Lane v. City of Tuscaloosa*, 12 Ala. App. 599, 67 South. 778, adversely to the appellant's contention.

[Robinson v. State.]

The question asked the witness Sullivan by counsel for the city on cross-examination was within the discretion of the trial court. It was proper, in eliciting an answer having a tendency to sustain the credit of the city's witness Giles, that the defendant was seeking to impeach by this witness.—*Holley v. State,* 105 Ala. 100, 17 South. 102. The purpose of the question was within the range of testing the accuracy of the memory of the witness, and this is permissible and in the discretion of the court, even to the extent of asking irrelevant questions (*Cox v. State,* 162 Ala. 66, 50 South. 398) that would reflect on the accuracy or truth of the statement of the witness on his examination in chief. —*Savage v. State,* 174 Ala. 94, 57 South. 469. We do not think the court abused its discretion or transcended the proper limits of cross-examination in allowing the question.

Other matters presented are not insisted upon in such a way as to require discussion.—*W. U. Tel. Co. v. Emerson, et al.,* 14 Ala. App. 247, 69 South. 335; *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001.

Affirmed.