## MYRICK v. CARTER.    (8 Div. 308.)

(Court of Appeals of Alabama.    May 19, 1925.)

**1. Trial ⟨Key⟩174—Variance in complaint must be pointed out.**

Under Supreme Court rule 34, to entitle a party to an affirmative charge for variance in counts in complaint, variance must be pointed out.

**2. Appeal and error ⟨Key⟩500(1), 724(2) — Record must clearly show ruling complained of, for review.**

Under Supreme Court rule 1, record must clearly show ruling complained of, and assignment of error must state concisely in writing in what error consists; court not being called on to speculate from an unintelligible record what court below has done or attempted to do.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action by Curtis Carter against T. H. Myrick and wife for damages to plaintiff's au-

tomobile resulting from a collision by defendant's car. From a judgment for plaintiff against T. H. Myrick, said defendant appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

The court is without authority to charge upon the effect of the evidence without written request. Code 1907, § 5362. If the negligence of plaintiff contributed in any manner to the injury, he is not entitled to recover. Lessman v. West, ante, p. 289, 101 So. 515; Ledbetter v. St. L. & S. F., 184 Ala. 457, 63 So. 987; Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40. The allegations of the complaint must be proven as averred. Orr & Lanning v. Boockholdt, 10 Ala. App. 331, 65 So. 430.

Joe W. Caldwell, Jr., of Huntsville, for appellee.

The elimination of the plea of recoupment, the plea of set-off remaining in the case, was without error. Craft v. Craft, 209 Ala. 226, 95 So. 901. The question of contributory negligence was for the jury. Penn. R. Co. v. Weber, 76 Pa. 157, 18 Am. Rep. 407.

BRICKEN, P. J. [1] A careful review of the evidence in this case convinces us that the general affirmative charge requested by appellant as to the first, second, and third counts of the complaint was properly refused. While some of the counts in the complaint aver that the automobile operated by the appellant was the property of his wife, this variance was not pointed out as required by Supreme Court rule 34, 175 Ala. xxi. The question of appellant's negligence, the appellee's contributory negligence, and the amount of damage sustained and the set-off interposed by the appellant under the evidence, was for the jury to decide. All of these issues were submitted to the jury by the trial court.

[2] The first assignment of error is as follows:

"(1) The court erred when it, of its own motion, instructed the jury not to consider any evidence under defendant's plea of recoupment. Record, 14, 15."

An examination of the record on this point discloses the following recital:

"Thereupon the court stated to the jury that they were not to consider *any evidence done to* the defendant's car by way of recoupment and under the defendant plea of recoupment as included in his plea of the general issue' in short by consent with leave to give any matter or thing which would be material if specially pleaded. The defendant objected to this ruling of the court and duly excepted to the statement of the court so made to the jury and to the ruling of the court, and in connection therewith the court did say that

━━━━━━
⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*the plea of said offer of the defendant* as included in said general issue was still before the jury."

This recital in the record is unintelligible. It rests upon the appellant to present a record to this court that clearly shows the ruling complained of, and in assigning error to state concisely in writing in what the error consists. Rule 1, Supreme Court. This court is not called upon to speculate or infer as to what was done or attempted by the court below. The assignment of error is not supported by the record, and is too general to comply with the rule of the Supreme Court. Kinnon, Adm'r, v. L. & N. R. R., 187 Ala. 480, 65 So. 397.

The judgment appealed from is affirmed. Affirmed.