(104 So. 870)

### McCASKEY REGISTER CO. v. WHEELER. (7 Div. 115.)

(Court of Appeals of Alabama. June 30, 1925.)

1. Appeal and error ⬤⇒274(7)—Exception to verdict and judgment in jury trial presents nothing for review.

An exception to verdict and judgment in a jury trial presents nothing for review.

2. Appeal and error ⬤⇒750(5)—Assignment of error held not broad enough to cover ruling of court in giving general affirmative charge for defendant.

Assignment of error that court erred in rendering verdict and judgment for defendant, and that it erred in not rendering verdict and judgment for plaintiff, held not broad enough to cover ruling of court in giving general affirmative charge for defendant.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by the McCaskey Register Company against J. A. Wheeler. Judgment for defendant, and plaintiff appeals. Affirmed.

Frank M. Savage, of Center, for appellant.

In view of the opinion it is not necessary that brief be here set out.

Hugh Reed, of Center, for appellee.

No question as to the propriety of giving the affirmative charge for defendant is raised. There was no evidence to support the material allegations of the complaint, and the charge was correctly given. Hatch v. Varner, 150 Ala. 440, 43 So. 481; John v. Birmingham Co., 172 Ala. 603, 55 So. 801.

BRICKEN, P. J. The appellant instituted a suit on a note against the appellee in the court below. Appellee filed a plea of the general issue and two special pleas. Issue was joined, and a trial by jury had. At the conclusion of the evidence, the court gave the general affirmative charge in writing, with hypothesis, requested by appellee. The jury returned a verdict in accordance with the instruction, and a judgment was entered in favor of appellee. Appellant brings the case here for review. The assignments of error on the record are in words and figures as follows:

"Assignment of Errors.

"Comes the appellant and says there is manifest error in the record in this:

"(1) The court erred in rendering verdict and judgment for defendant (appellee).

"(2) The court erred in not rendering verdict and judgment for plaintiff (appellant).

"(3) The court erred in deciding that this was not business under interstate commerce laws and regulations. (See page 7 of the transcript.)"

"Frank M. Savage, Attorney for Appellant."

[1, 2] If there was any error committed by the trial court, and as to that we are not called upon to decide, it was in giving the charge requested by the appellee. An exception to the verdict and judgment in a jury trial presents nothing for review. The giving of the charge requested by appellee is not assigned as error. The errors assigned are not broad enough to cover that ruling of the court. There is nothing here for review. Kinnon, as Adm'r, v. L. & N. R. R. Co., 187 Ala. 480, 65 So. 397.

The judgment appealed from will stand affirmed.

Affirmed.