(136 So. 842)

## W. S. WILES & SON v. WRIGHT.

### 8 Div. 158.

Court of Appeals of Alabama.

June 16, 1931.

Rehearing Denied June 30, 1931.

---

[2] Ante, p. 120.

·See also 23 Ala. App. 328, 125 So. 64.

P. W. Shumate, of Guntersville, for appellant.

J. A. Lusk, of Guntersville, for appellee.

SAMFORD, J.

The action was on a promissory note, and the plea was payment.

■ Only two of appellant's assignments of error are so treated in brief as not to be waived by him. A mere repetition of the assignment of error in appellant's brief is not a compliance with Supreme Court Rule 10 (Code 1923, vol. 4, p. 882). Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604. Appellant's assignments of error except as to 1 and 2 are waived.

■■ .Assignments 1 and 2 relate to the action of the court in admitting in evidence a note given by T. S. Wright, a son of defendant; to plaintiff one year prior to the date of the note sued on admitted to have been paid and delivered to the maker without having been marked cancelled or paid. This note was introduced in evidence in connection with the cross-examination of plaintiff by defendant and in connection with several notes signed by defendant and payable to plaintiff, some of which were marked paid and some were not; but all of them were admitted to have been paid. The note sued on was in the possession of defendant at the time suit was brought and was produced at the trial on demand of plaintiff. This note was not marked, "Paid." The plaintiff claimed not to have delivered the note to defendant; defendant claimed that he paid plaintiff and that at that time plaintiff delivered him the note. Under the evidence we think that the note was admissible as tending to show the manner of dealing with notes of customers. In any event, the technical error in admitting this note cannot work a reversal of this case. The whole case was fully gone into and every phase of the issues was presented to the jury. If the admission of the note was technically erroneous, it was without injury to plaintiff's substantial rights.

Let the judgment be affirmed.

Affirmed.