151 So. 881

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. WOMACK.

### 8 Div. 696.

Court of Appeals of Alabama.
Oct. 3, 1933.

Rehearing Denied Nov. 7, 1933.

Moreau P. Estes, of Nashville, Tenn., for appellant.

H. D. Jones and Fred S. Parnell, both of Florence, for appellee.

SAMFORD, Judge.

The plaintiff sues to recover under a policy of life insurance issued by defendant on August 24, 1931, insuring the life of Alice B. Womack, in which policy plaintiff was named as the beneficiary.

The policy was issued and delivered to the insured on August 24, 1931, and the premium due was paid, and on September 30, 1931, insured died, of which death due proof was made to defendant as required by the policy.

As a part of the contract of insurance were the following conditions: "No obligation is assumed by the company prior to the date hereof, nor unless on said date the assured is alive and in sound health"; and "this policy shall not take effect prior to the date of the same, nor unless the first premium shall have been paid in cash and the contract delivered and accepted during the lifetime and sound health of the insured. And if the insured is not in sound health at the time of the delivery of the policy it shall be void, whether the condition had its origin prior or subsequent to the application for this policy or was not known to insured." There was also in said policy a provision as follows: "Limitation of Insurance, If before the date hereof, the assured has been rejected for insurance by this or any other Company, Order or Association, or before said date has had any pulmonary disease, pneumonia, chronic bronchitis, cancer, sarcoma, disease of the heart, liver or kidneys, or if the assured has within two years before the date hereof been attended by a physician for any serious disease or complaint, the Company's liability shall be restricted to the amount equal to the sum of the premiums paid hereon." These provisions as above set out were made the basis for four pleas by way of defense, and tender was made of the amount of the premiums paid. These pleas were held to be good by the trial court, and issue was joined thereon.

■■ The assignments of error challenge the rulings of the court in its refusal to give written charges 1, 2, 3, 4, and 6, and also assignment No. 1 alleges: "There is no evidence to support the verdict and judgment of the lower court." The limitations included in the policy and made the basis of pleas 4 and 5 were valid and binding, and have been so declared by this court. Champion v. Life & Casualty Insurance Company (Ala. App.) 141 So. 363.[1] This principle was also recognized by the trial court and both in his oral charge and in given charge 5. Charges 1, 2, 3, 4, and 6 were fully covered.

■■ That leaves for consideration assignment of error No. 1, which says: "There is no evidence to support the verdict and judgment of the lower court." The assignment is insufficient to present any question for review. Assignments of error are taken as pleading, pointing out the specific ruling of the trial court to be reviewed. In this particular assignment no ruling of the court is pointed out or brought into question. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Carney v. M. C. Kiser Co., 200 Ala. 527, 76 So. 853; Halle v. Brooks, 209 Ala. 486, 96 So. 341.

There is no error in the record, and the judgment is affirmed.

Affirmed.

