**1 So.2d 28**

### LAW v. SAKS.

### 6 Div. 815.

Supreme Court of Alabama.

Feb. 27, 1941.

Rehearing Denied March 27, 1941.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

London & Yancey and William Yancey, all of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff, Rosabel Saks, while driving a Buick coupe, collided with a Cord car driven by defendant, Madeline Law, the collision occurring on Clairmont Avenue in Birmingham, Alabama, and recovered a judgment against the latter for damages caused by the collision from which judgment this appeal is prosecuted.

The Saks car was travelling west, the Law car going east, the width of Clairmont Avenue being 30 feet. The weather was dry, the time Sunday about 2 P.M. with no evidence offered as to the frequency of travel on this avenue at that or any other time of day. Plaintiff's car was approaching over the crest of the hill and she saw defendant's car some 100 or 125 feet distant before the impact. She insists the defendant's car was a "little to the left of the center" of the street, "past the middle of the road a bit. There was no line there for me to judge it by, but it appeared to me that it was a little to the left of the center".

There was other evidence that defendant's car (though there was no center line mark) was over the center 1½ or 2 feet at or near the point of collision with ample space, however, for the passage of the two cars. Plaintiff states she is not a good judge of speed and could give no estimate of the speed of defendant's car, though she had previously said, "She would say it was going fast".

Defendant insists her car was travelling at about 15 miles per hour and that she had just placed it in second gear. Undisputedly defendant did all possible to stop her car and avoid collision, when it appeared imminent. Defendant's testimony tends to show she was driving on her side of the road and that the accident was the result of plaintiff's own negligence. The details in this respect need not be here stated. Suffice it to say our conclusion is a case was presented for the jury's consideration involving the matter of simple negligence on defendant's part and contributory negligence on part of the plaintiff,

and if this were all we would not be justified in disturbing the judgment rendered.

But this was not all. Plaintiff insisted upon count 4, the wanton count, and the issue thereon was submitted for the jury's consideration, the affirmative charge requested by defendant as to said count being refused.

Counsel for plaintiff appear to insist that evidence to the effect defendant's car over reached the center line only for so short a distance and by only 2 feet, justified a reasonable inference of wanton conduct. The cases noted by plaintiff in brief (Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Daniel v. Motes, 228 Ala. 454, 153 So. 727; Routledge v. Schmitt, 28 Ala.App. 167, 180 So. 127) do not, in our opinion, justify such a conclusion.

"The authorities generally have pointed out the distinguishing characteristics between negligence and wantonness (45 Corpus Juris 674), which our Court has often recognized. Sington v. Birmingham Ry., Lt. & P. Co., 200 Ala. 282, 76 So. 48; McNeil v. Munson Steamship Lines, 184 Ala. 420, 63 So. 992". Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547, 548.

The mental state of the person who did or omitted to do that which duty required in the premises (Sington v. Birmingham Ry., Lt. & P. Co., supra), is the matter of controlling importance in cases of this character. The case of Daniel v. Motes, supra, upon which plaintiff appears largely to rely disclosed a state of facts justifying a reasonable inference that the defendant therein not only was driving his car on the wrong side of the road but was conscious of the fact that unless plaintiff turned out of the way a collision would result, and notwithstanding this knowledge continued on his wrongful course until it was too late. In short the jury could infer, as the opinion indicates, that the defendant in that case knowingly followed a wrongful course so as to force plaintiff to pull further to the right.

And Godfrey v. Vinson, supra, presents facts from which a reasonable inference may be drawn that the defendant there acted with reckless indifference to the consequences of his known wrongful conduct.

We fail to find evidence in this case justifying a reasonable inference that the defendant on this occasion, with reck-

less indifference to consequences consciously and intentionally, did a wrongful act or omitted some known duty which produced the injury. First National Bank v. Sanders, 227 Ala. 313, 149 So. 848; Johnston v. Warrant Warehouse Co., 211 Ala. 165, 99 So. 920; Chapman v. Nelson, ante, p. 21, 200 So. 763.

Plaintiff perhaps correctly described the situation when she said: "We were both just driving along," and we can find nothing in her testimony or that offered in her behalf justifying a submission of the wanton count to the jury.

For this error the judgment must be reversed.

Reversed and remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.